PER CURIAM.
The State of Florida appeals an order of the trial court granting the defendant’s motion to dismiss an information charging the defendant with aggravated assault and obstructing civil process, on the ground that the defendant was immune from prosecution under § 914.04, Fla.Stat. We reverse.
The defendant moved to dismiss the information alleging without documented proof, that he had been forced by the State to testify in a case against one Harold Gordon, that he was not advised of the right to remain silent or the right against self-incrimination and that by testifying against Harold Gordon before a committing magistrate as to an incident in which he had been involved, he was forced to incriminate himself. The basis of the motion to dismiss was that this testimony rendered the defendant immune from prosecution under § 914.04, Fla.Stat. The trial court granted the motion and dismissed the information.
*441 On appeal, the State contends that it was error for the court to dismiss the information where the statute relied upon grants immunity only if the evidence is given before any court having felony triál jurisdiction, a grand jury, or a state attorney.
No evidence was offered by the movant to support his motion to dismiss other than representations by defendant’s counsel at the hearing on the motion to dismiss. The record does not reflect that the defendant appeared to present evidence at the hearing and we, therefore, find that there was no basis for the trial court to order dismissal of the information. Assuming arguendo that defendant Montgomery had presented evidence in support of the motion, we would be inclined to agree with the State’s contention that § 914.04, Fla. Stat., does not provide immunity under the circumstances in this case.
Reversed.