GRIMES, Acting Chief Judge.
The state filed informations charging ap-pellees with having engaged in bookmaking to the extent of receiving or accepting more than five bets or wagers in one day, in violation of Section 849.25(3), Florida Statutes (1975).[1] The appellees moved to dismiss the informations, and the trial court granted their motions. The state appeals. We hold that the informations should not have been dismissed.
The appellees presented testimony at the hearing which showed that the St. Peters-burg police placed bets with the appellees on state-regulated dog races and jai alai games through an informant. The bets were placed at a location on the south side of St. Petersburg and not at the official locations of the pari-mutuels involved. Winners were to collect from the appel-lees — at the same location where they placed their bets — the amount they would have received at the dog track or jai alai fronton less ten per cent.
Defense counsel also made an oral offer to stipulate that the appellees had taken the money wagered to the pari-mutuel location involved and placed the bets there. Even though the state attorney declined the offer to stipulate, the court seemed to accept these facts as true. The defense then went on to successfully argue that Section 849.- *221 25(4), Florida Statutes (1975) specifically excludes pari-mutuel wagering from the acts proscribed by that section, and that the appellees were therefore improperly charged under that statute.
We believe the trial court erred in two respects. First, the court should not have considered the facts represented by defense counsel when the state attorney refused to stipulate. See State v. Montgomery, 310 So.2d 440 (Fla. 3d DCA 1975). Of course, Fla.R.Crim.P. 3.190(d) provides that facts in a written motion to dismiss which are not specifically denied or traversed by the state are deemed admitted. However, these motions contained no recitations of fact, so there was nothing for the state to traverse. State v. McIntyre, 303 So.2d 675 (Fla. 4th DCA 1974).
Furthermore, even if the appel-lees’ version of the facts had been properly before the court, the dismissal of the infor-mations would not have been justified. We do not read the exception of subsection (4) as rendering the statute inapplicable to the receiving of “off track” bets on state regulated pari-mutuel activities. This subsection simply recognizes that the receiving of bets within the enclosures of horse and dog tracks as authorized by Section 550.16, Florida Statutes (1975) or at jai alai or pelota frontons as authorized by Section 551.09, Florida Statutes (1975) is not prohibited under Section 849.25, Florida Statutes (1975). The fact that appellees’ conduct may also be covered by Section 550.16(7), Florida Statutes (1975) does not preclude a prosecution under Section 849.25, Florida Statutes (1975). Fayerweather v. State, 332 So.2d 21 (Fla.1976).
The order granting the appellees’ motions to dismiss is vacated, and the cause is remanded for further proceedings consistent with this opinion.
SCHEB and DANAHY, JJ., concur.

. Sec. 849.25, Fla.Stat. (1975) provides:
(1) As used in this section, the term “bookmaking” shall be deemed to be the taking or receiving of any bet or wager upon the result of any trial or contest of skill, speed, power, or endurance of man, beast, fowl or motor vehicle.
ij< ¡(5 * S)S ‡ ifc
(3) Whoever engages in bookmaking to the extent that in any one day he receives or accepts more than five bets or receives bets totaling more than $500, or engages in a common bookmaking scheme with three or more persons, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Any person who, having been convicted of violating this section, thereafter violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.-083, or s. 775.084.
(4) This section shall not apply to pari-mutu-el wagering in Florida as authorized by the laws of the state; however, this section shall not apply to any prosecutions filed and pending at the time of the passage hereof, but all such cases shall be disposed of under existing law at the time of the institution of such prosecutions.