# Supreme Court of Florida

_____

No. SC13-2312
_____

**JARED BRETHERICK,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[July 9, 2015]

PARIENTE, J.

The issue in this case arises from Florida's "Stand Your Ground" law,
section 776.032, Florida Statutes (2011), which provides for immunity from
prosecution when a defendant has used force in accordance with certain specified
statutory circumstances. Specifically, we address the burden of proof in a pretrial
evidentiary hearing where the defendant has filed a motion to dismiss, claiming
this statutory immunity from prosecution.[1]

---

1. Since the time of the underlying events in this case, the Florida
Legislature has amended section 776.032. See ch. 2014-195, § 6, Laws of Fla.
The amendment added immunity for certain situations involving the "threatened
use of force" and did not address the pretrial procedure or the burden of proof that

In <u>Bretherick v. State</u>, 135 So. 3d 337, 340 (Fla. 5th DCA 2013), the Fifth District Court of Appeal held that the defendant has the burden to prove, by a preponderance of the evidence at the pretrial evidentiary hearing, that he or she is entitled to immunity from prosecution. The Fifth District then certified the following question of great public importance for this Court's review as to whether the defendant or State bears the burden of proof under the Stand Your Ground law:

> ONCE THE DEFENSE SATISFIES THE INITIAL BURDEN OF RAISING THE ISSUE, DOES THE STATE HAVE THE BURDEN OF DISPROVING A DEFENDANT'S ENTITLEMENT TO SELF-DEFENSE IMMUNITY AT A PRETRIAL HEARING AS IT DOES AT TRIAL?

<u>Id.</u> at 341. We have jurisdiction. <u>See</u> art. V, § 3(b)(4), Fla. Const.[2]

We conclude that the Fifth District correctly determined that the defendant bears the burden of proof, by a preponderance of the evidence, to demonstrate entitlement to Stand Your Ground immunity at the pretrial evidentiary hearing. We therefore answer the certified question in the negative and approve the Fifth District's decision.

---

are at issue here. Thus, this amendment has no effect on our holding or analysis, which would remain the same if we applied the current statute.

2. The National Rifle Association of America and Florida Carry, Inc., filed amicus curiae briefs in support of the Petitioner, Jared Bretherick, who was the defendant in the trial court. The Florida Prosecuting Attorneys Association appeared as an amicus curiae on behalf of the State.

In Dennis v. State, 51 So. 3d 456 (Fla. 2010), we approved the procedure of a pretrial evidentiary hearing set forth in Peterson v. State, 983 So. 2d 27 (Fla. 1st DCA 2008), for evaluating a claim of immunity under the Stand Your Ground law. Although in Dennis we did not separately discuss the burden of proof, we quoted extensively from the First District Court of Appeal's opinion in Peterson, including portions in which the First District explicitly stated that the defendant would bear the burden of proving, by a preponderance of the evidence, entitlement to immunity from prosecution at the pretrial evidentiary hearing. See Dennis, 51 So. 3d at 459-60.

We now make explicit what was implicit in Dennis—the defendant bears the burden of proof by a preponderance of the evidence at the pretrial evidentiary hearing. This is the conclusion reached by every Florida appellate court to consider this issue both before and after Dennis, and it is a conclusion fully consistent with the legislative intent to provide immunity to a limited class of defendants who can satisfy the statutory requirements.

We therefore reject Bretherick's position and the position advanced by the dissent that the State must disprove entitlement to Stand Your Ground immunity beyond a reasonable doubt at the pretrial evidentiary hearing, as is the State's burden to obtain a conviction at trial. The dissent's view has never previously been embraced by any state with an analogous immunity law and is actually

inconsistent with the procedure for resolving motions to dismiss involving other types of statutory immunity. Placing the burden of proof on the defendant at the pretrial evidentiary hearing is principled, practical, and supported by our precedent.

## FACTS AND PROCEDURAL HISTORY

The defendant, Jared Bretherick, was charged by information with aggravated assault with a firearm under section 784.021(1)(a), Florida Statutes (2011), for his conduct during an encounter with another driver on a highway in 2011. Bretherick filed a motion to dismiss under Florida Rule of Criminal Procedure 3.190(b), claiming immunity from prosecution under section 776.032, Florida Statutes, Florida's "Stand Your Ground" law. The Stand Your Ground law provides that when a person uses force as permitted by sections 776.012, 776.013, or 776.031, Florida Statutes (2011), the person is entitled to immunity from criminal prosecution. Bretherick sought a pretrial evidentiary hearing on his motion to dismiss, consistent with this Court's decision in Dennis, 51 So. 3d at 463, which approved the procedure of a pretrial evidentiary hearing to consider a defendant's claim of entitlement to stand Your Ground immunity.

The Fifth District summarized the trial court's factual findings based on the evidence elicited at the evidentiary hearing as follows:

> On December 29, 2011, the Bretherick family was on vacation in Central Florida, driving toward Downtown Disney, on a heavily travelled, six-lane divided road in Osceola County. Ronald Bretherick, the father, was driving in the middle lane westbound

when, in his rearview mirror, he saw a blue truck rapidly approaching them. The truck almost side-swiped them as it passed in the right lane. As the truck passed the Brethericks, the driver, Derek Dunning, "stared at them in a threatening manner," but made no statements or gestures.

Dunning's truck cut in front of the Bretherick vehicle in the middle lane, slammed on the brakes, and came to a complete stop. There was no traffic or other impediment that required this action. Ronald Bretherick also stopped his vehicle, one to two car lengths behind Dunning's truck. Dunning got out of his truck and walked toward the Bretherick vehicle. He was unarmed. Without exiting, Ronald Bretherick held up a holstered handgun, and Dunning returned to his truck without uttering a word.

After Dunning got back into his truck, the Defendant, Ronald's adult son, got out of the rear passenger's seat. He approached the driver's side of Dunning's truck within a few feet of the driver, while pointing the handgun at Dunning. The Defendant told Dunning to move his truck or he would be shot. Dunning misunderstood, and believed that the Defendant told him that if he moved, he would be shot. This slight but critical misunderstanding explains everyone's subsequent actions.

The Defendant returned to his own vehicle and took up various positions, continuing to point the gun at Dunning. The Brethericks, Dunning, and several passersby all called 911. The Defendant's mother and sister exited their vehicle and took refuge in a ditch on the north side of the road. The Defendant told his family that Dunning said he had a gun, but no one saw Dunning with a weapon, and the trial court found this not to be credible.[3] At some point, Dunning's truck rolled back twelve to eighteen inches toward the Brethericks' vehicle. The police arrived and diffused the volatile encounter.

Bretherick, 135 So. 3d at 338-39.

_____

3. The trial court concluded that Dunning was not in possession of a gun, and if Bretherick had personally believed Dunning had a gun, it was "an unreasonable belief at best."

- 5 -

Based on its factual findings following the evidentiary hearing, the trial court concluded that Bretherick did not establish entitlement to immunity by a preponderance of the evidence and denied Bretherick's motion to dismiss. The trial court explained as follows:

> This Court finds that the actions of Derek Dunning did not rise to the level of a forcible felony (Aggravated Assault or False Imprisonment) as defined in section 776.08, Fla. Stat. At best, Mr. Dunning's driving pattern was reckless and his threatening act of getting out of his truck and approaching the Defendant's vehicle was an assault. It would have been reasonable, under the circumstances in this case, for anyone of the Brethericks to use non-deadly force as Mr. Dunning exited his vehicle, in the middle lane of a divided 6 lane highway, and approached their vehicle. The use of non-deadly force could have included brandishing a firearm to repel the imminent threat of unlawful force facing them at that moment. The Defendant must prove by a preponderance of the evidence that the threat was imminent and his fear was reasonable. However, the facts of this case show just the opposite; that Dunning retreated to his truck when he saw Ronald hold up the holstered handgun. The threat was no longer imminent, and in fact, the possible volatile situation had been diffused. The Defendant's subjective fear was no longer reasonable.

(Footnotes omitted.)

After the trial court subsequently denied Bretherick's motion to reconsider its denial of his motion to dismiss, Bretherick filed a petition for writ of prohibition in the Fifth District. The Fifth District concluded that under the procedure for Stand Your Ground pretrial evidentiary hearings set forth in Dennis, "the trial court properly placed the burden of proof on [Bretherick]." Id. at 340. The Fifth District then concluded that Bretherick was not entitled to Stand Your Ground immunity,

- 6 -

determining that "based on the trial court's findings of fact, which are supported by competent, substantial evidence, . . . the motion to dismiss was properly denied."

Id. The Fifth District reasoned as follows:

> The trial court correctly found that Dunning's actions did not rise to the level of false imprisonment, aggravated assault, or any other forcible felony, and therefore, the Defendant could not justify his use of force on this basis. No one saw Dunning with a gun. Dunning retreated to his vehicle when Ronald Bretherick held up a holstered weapon. The trial court also properly determined that there was no longer an imminent threat and that the Defendant's subjective fear at that point was objectively unreasonable.
>
> There was at least one car length between Dunning's vehicle and the Brethericks' vehicle. When Dunning's truck rolled back not more than eighteen inches, that action standing alone did not constitute the act of false imprisonment as the Defendant contends. Notably, the Defendant's mother and sister exited the vehicle and took refuge nearby. Several other cars passed by in the two lanes on either side of the middle lane where the Dunning and Bretherick vehicles sat. It was not reasonable for the Defendant to believe that it was necessary for him to approach Dunning's truck with a gun drawn in order to defend himself or his family.

Id. at 340-41. The Fifth District also noted, in certifying the question for this Court's consideration, that "[t]he issue of who bears the burden of proof may well be significant where the case is an extremely close one, or where only limited evidence is presented for the trial court's consideration." Id. at 341. While both the trial court and the Fifth District agreed that Bretherick had not sustained his burden of proof at the pretrial stage, neither court held that Bretherick was foreclosed from raising self-defense as an affirmative defense to be considered by the jury at trial.

Judge Schumann concurred specially and commented that if she had not felt "bound" by Dennis, she "would find that the trial court erred in placing the burden of proof at the pretrial hearing on the Defendant." Id. at 341, 344 (Schumann, J., concurring specially). Judge Schumann stated that she would follow the reasoning of courts in Kentucky and Kansas and place the burden of proof upon the State at the pretrial stage to demonstrate that the use of force was unjustified, because, she reasoned, "[p]lacing the burden of proof on the State throughout each phase of criminal prosecution best fulfills the legislative intent to create a broad grant of immunity." Id. at 344.

## ANALYSIS

The certified question asks this Court whether the State or the defendant bears the burden of proof with respect to demonstrating entitlement to immunity under the Stand Your Ground law. This is an issue of statutory interpretation, which we review de novo. See J.A.B. v. State, 25 So. 3d 554, 557 (Fla. 2010).

In analyzing this issue, we begin by reviewing the statute and this Court's decision in Dennis. Then, we determine whether the burden of proof was decided as part of the Dennis holding. After concluding that the burden of proof was not a specific holding of Dennis, we consider whether placing the burden of proof on the defendant to prove entitlement to immunity from prosecution by a preponderance of the evidence at a pretrial evidentiary hearing—the procedure that has been

- 8 -

followed by all of the district courts of appeal after <u>Dennis</u>—is both appropriate

and consistent with the statutory scheme.

## I. Section 776.032 & This Court's Decision in <u>Dennis</u>

Florida's Stand Your Ground law provides in pertinent part as follows:

> Immunity from criminal prosecution and civil action for justifiable use of force.—
> (1)  A person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031[4] is justified in using such force and <u>is immune from criminal prosecution and civil action for the use of such force</u>, unless the person against whom force was used is a law

---

4.  Section 776.012, Florida Statutes (2011), provides:

> A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force.  However, a person is justified in the use of deadly force and does not have a duty to retreat if:
> (1)  He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony; or
> (2)  Under those circumstances permitted pursuant to s. 776.013.

Section 776.013, Florida Statutes (2011), addresses circumstances in which force is used against a person unlawfully and forcefully entering, or who had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle.

Section 776.031, Florida Statutes (2011), concerns circumstances in which the use of non-deadly force is justified, when such force is used to prevent or terminate another's trespass on, or other tortious or criminal interference with, either real property other than a dwelling or personal property, lawfully in his or her possession or in the possession of a member of his or her immediate family or household or of a person whose property he or she has a legal duty to protect.

enforcement officer, as defined in s. 943.10(14), who was acting in the performance of his or her official duties and the officer identified himself or herself in accordance with any applicable law or the person using force knew or reasonably should have known that the person was a law enforcement officer. As used in this subsection, the term "criminal prosecution" includes arresting, detaining in custody, and charging or prosecuting the defendant.

(2) A law enforcement agency may use standard procedures for investigating the use of force as described in subsection (1), but the agency may not arrest the person for using force unless it determines that there is probable cause that the force that was used was unlawful.

§ 776.032, Fla. Stat. (emphasis added).

This Court has explained that the "[l]egislative intent guides statutory analysis." Fla. Dep't of Children & Family Servs. v. P.E., 14 So. 3d 228, 234 (Fla. 2009) (citing Knowles v. Beverly Enterprises-Fla., Inc., 898 So. 2d 1, 5 (Fla. 2004)). In discerning legislative intent, we look first to the actual language used in the statute because "the statute's text is the most reliable and authoritative expression of the Legislature's intent." Fla. Farm Bureau Cas. Ins. Co. v. Cox, 967 So. 2d 815, 820 (Fla. 2007) (quoting V.K.E. v. State, 934 So. 2d 1276, 1286 (Fla. 2006)). Further, statutory enactments "are to be interpreted so as to accomplish rather than defeat their purpose." Reeves v. State, 957 So. 2d 625, 629 (Fla. 2007) (quoting Lewis v. Mosley, 204 So. 2d 197, 201 (Fla. 1967)).

In order to effectuate legislative intent, we held in Dennis that "the plain language of section 776.032 grants defendants a substantive right to assert immunity from prosecution and to avoid being subjected to a trial." 51 So. 3d at

462. Recognizing that the statute was silent as to how to best effectuate the defendant's substantive right to this immunity from prosecution, we rejected the Fourth District Court of Appeal's decision in Dennis v. State, 17 So. 3d 305 (Fla. 4th DCA 2009), thereby also rejecting the argument advanced by the State, that the existence of disputed issues of material fact required the denial of a defendant's motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4).[5] Dennis, 51 So. 3d at 462.

---

5. Rule 3.190 provides in pertinent part:

(c) [T]he court may at any time entertain a motion to dismiss on any of the following grounds:

. . . .

(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which the motion is based should be alleged specifically and the motion sworn to.

(d) Traverse or Demurrer. The state may traverse or demur to a motion to dismiss that alleges factual matters. Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be considered admitted unless specifically denied by the state in the traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss. The demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.

Fla. R. Crim. P. 3.190.

This Court reasoned in Dennis that "treating motions to dismiss pursuant to [the Stand Your Ground law] in the same manner as rule 3.190(c)(4) motions would not provide criminal defendants the opportunity to establish immunity and avoid trial that was contemplated by the Legislature." 51 So. 3d at 462. In addition, this Court specifically "reject[ed] the State's contention that the pretrial hearing on immunity in a criminal case should test merely whether the State has probable cause to believe the defendant's use of force was not legally justified." Id. at 463. As this Court explained:

> Prior to the enactment of chapter 2005-27, Laws of Florida (2005), Florida law defined certain types of justified force, see §§ 776.12, 776.031, Fla. Stat. (2004), and the Florida Rules of Criminal Procedure mandated that a trial judge make a pretrial nonadversarial probable cause determination either before or shortly after a defendant was taken into custody, see Fla. R. Crim. P. 3.133 (2004). "It is a basic rule of statutory construction that 'the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless.' " Martinez v. State, 981 So. 2d 449, 452 (Fla. 2008) (quoting State v. Bodden, 877 So. 2d 680, 686 (Fla. 2004)). Accordingly, the grant of immunity from "criminal prosecution" in section 776.032 must be interpreted in a manner that provides the defendant with more protection from prosecution for a justified use of force than the probable cause determination previously provided to the defendant by rule.

Id.

Regarding the applicable procedure for claiming Stand Your Ground immunity, this Court determined that "Florida Rule of Criminal Procedure 3.190(b)—rather than rule 3.190(c)(4)—provides the appropriate procedural

vehicle for the consideration of a claim of section 776.032 immunity." Id. at 462.

This Court thus rejected the Fourth District's view that all the State had to do to defeat a motion to dismiss was to demonstrate, under a rule 3.190(d) traverse or demurrer, the existence of a factual dispute as to whether the defendant's use of force was justified. Id. at 458. Instead, we agreed with the First District's approach in Peterson that provided for an evidentiary hearing during which the trial court would determine whether the defendant is entitled to statutory immunity. Id. at 463. We stated as follows:

> We conclude that where a criminal defendant files a motion to dismiss on the basis of section 776.032, the trial court should decide the factual question of the applicability of the statutory immunity. Accordingly, we disapprove the Fourth District's reasoning in Dennis and approve the reasoning of Peterson on that issue.

Id. at 458.

The burden of proof was discussed in both initial and supplemental briefing in Dennis, and the defendant, who was represented by the Public Defender's Office, urged that we adopt the remedy of an evidentiary hearing where the defendant proves by a preponderance of the evidence that the charges should be dismissed because he or she is entitled to Stand Your Ground immunity. This

position was confirmed by counsel for the defendant during oral argument in

Dennis.[6]

Yet, the only mention of the burden of proof in the Dennis opinion is within

the following extensive excerpt from Peterson, in which this Court recited the

district court's holding:

> We now hold that when immunity under this law is properly raised by a defendant, the trial court must decide the matter by confronting and weighing only factual disputes. The court may not deny a motion simply because factual disputes exist. Here, the trial court did what was required. Petitioner is not precluded from submitting the matter to the jury as an affirmative defense in his criminal trial.
> In the absence of a procedure for handling these matters, we find guidance from the Colorado Supreme Court's decision in People v. Guenther, 740 P.2d 971 (Colo. 1987). In that case, the court decided that Colorado's similar immunity statute authorized a trial court to dismiss a criminal prosecution at the pretrial stage and did not merely create an affirmative defense for adjudication at trial. Id. at 976. The court further determined that a defendant raising the immunity would have the burden of establishing the factual prerequisites to the immunity claim by a preponderance of the evidence. Id. at 980. The court imposed the same burden of proof as it would in motions for postconviction relief or motions to suppress. Id.

---

6. At oral argument, counsel representing the defendant in Dennis stated of the pretrial evidentiary hearing: "It's an opportunity for the defendant, and the burden is on the defendant at this point to prove why he is entitled to immunity. . . . [W]e're willing to assume that the burden should be on the defendant. It seems proper that the defendant is the one seeking this special privilege, and it would seem difficult for the State to prove that he's not entitled to it, so the burden should be on him to prove." Oral Argument at 1:28:38, Dennis, 51 So. 3d 456 (No. SC09-941), available at http://wfsu.org/gavel2gavel/viewcase.php?eid=131 (Oct. 6, 2010).

Likewise, we hold that a defendant may raise the question of statutory immunity pretrial and, when such a claim is raised, the trial court must determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches. As noted by the trial court, courts have imposed a similar burden for motions challenging the voluntariness of a confession. See, e.g., McDole v. State, 283 So. 2d 553, 554 (Fla. 1973). We reject any suggestion that the procedure established by rule 3.190(c) should control so as to require denial of a motion whenever a material issue of fact appears.

51 So. 3d at 459-60 (emphasis added) (quoting Peterson, 983 So. 2d at 29-30).

After analyzing the appropriate procedure for pretrial claims of Stand Your Ground immunity, we concluded that the procedure set forth in Peterson "best effectuates the intent of the Legislature." Id. at 463. However, although this Court adopted the Peterson procedure and quoted the Peterson court's discussion of the burden of proof, an analysis of the burden of proof was not an explicit part of our direct holding in Dennis. Rather, the issue this Court resolved was whether the defendant was entitled to an evidentiary hearing on the motion to dismiss. Thus, because this Court in Dennis did not directly address the burden of proof, we proceed to analyze and decide that issue.

## II. The Burden of Proof

After our decision in Dennis, each of the district courts, in reliance on either Peterson or Dennis, have placed the burden of proof on the defendant to establish entitlement to immunity by a preponderance of the evidence at the pretrial evidentiary hearing. See, e.g., Mederos v. State, 102 So. 3d 7, 11 (Fla. 1st DCA

- 15 -

2012); State v. Gallo, 76 So. 3d 407, 409 & n.2 (Fla. 2d DCA 2011); State v. Vino, 100 So. 3d 716, 717 (Fla. 3d DCA 2012); Joseph v. State, 103 So. 3d 227, 230 (Fla. 4th DCA 2012); Bretherick, 135 So. 3d at 340. Even before this Court's decision in Dennis, all of Florida's district courts other than the Fourth District had addressed this issue and had explicitly agreed with the First District in Peterson to require a pretrial evidentiary hearing, in which the defendant has the burden to prove entitlement to Stand Your Ground immunity by a preponderance of the evidence. See McDaniel v. State, 24 So. 3d 654, 656 (Fla. 2d DCA 2009); State v. Yaqubie, 51 So. 3d 474, 475 (Fla. 3d DCA 2010); Gray v. State, 13 So. 3d 114, 115 (Fla. 5th DCA 2009).

We now agree with all of the district courts and hold that the defendant bears the burden of proof, by a preponderance of the evidence, to demonstrate entitlement to Stand Your Ground immunity at the pretrial evidentiary hearing. Numerous reasons support our conclusion.

First, in providing for the Stand Your Ground immunity, the Legislature did not confer upon every person in Florida blanket immunity from criminal prosecution, but instead provided immunity only to those whose use of force was justified, as specified by statute. See § 776.032, Fla. Stat. (providing that the use of force is justified only when used as permitted by sections 776.012, 776.013, or 776.031). Although the Legislature did not set forth a procedure to test a

defendant's claim of statutory immunity, the procedure this Court adopted in Dennis gave effect to the Legislature's intent to provide an eligible defendant with statutory protection extending beyond the ability to assert at trial the affirmative defense of self-defense. The resulting procedure allows a defendant to establish, at a pretrial evidentiary hearing, that he or she acted in accordance with the statutory requirements and is thus entitled to the immunity, in order to avoid criminal prosecution.

Second, as the State points out, no court in this country has required, at a pretrial evidentiary hearing, the prosecution to disprove beyond a reasonable doubt that the use of force by a defendant was justified. The highest courts in three states—Colorado, Georgia, and South Carolina—agree with a procedure similar to that described in Peterson, as approved by Dennis. See State v. Duncan, 709 S.E.2d 662, 665 (S.C. 2011); Bunn v. State, 667 S.E.2d 605, 608 (Ga. 2008); People v. Guenther, 740 P.2d 971, 972 (Colo. 1987). These courts have adopted a procedure in which the defendant bears the burden of proof, by a preponderance of the evidence at a pretrial evidentiary hearing, in the context of their analogous immunity laws.

Bretherick's reliance on cases from Kentucky and Kansas is misplaced because neither of those states has adopted a procedure in which the burden of proof is on the prosecution beyond a reasonable doubt at the pretrial stage. In

Rodgers v. Commonwealth, 285 S.W.3d 740, 755 (Ky. 2009), the Supreme Court of Kentucky explicitly rejected the defendant's argument that he was entitled to a pretrial evidentiary hearing to determine his entitlement to immunity. Instead, the Supreme Court of Kentucky held that the prosecution had to establish only that there was probable cause that the defendant's use of force was not legally justified. Id. at 754. This Court rejected this procedure in Dennis as inconsistent with the legislative intent in Florida to provide greater protection from prosecution to defendants who have used justifiable force. 51 So. 3d at 462.

The Supreme Court of Kansas similarly concluded that the prosecution merely had to establish probable cause that the defendant's use of force was unlawful, but declined to address whether the defendant was entitled to a pretrial evidentiary hearing. See State v. Ultreras, 295 P.3d 1020, 1031 (Kan. 2013). In reaching its decision, the Supreme Court of Kansas specifically distinguished the Kansas statute from the Florida statute and concluded that the Rodgers rationale from Kentucky was more consistent with the Kansas statute than the decisions from Florida and Colorado. Id. at 1030-31. Because the Florida Legislature intended to foster more protection from prosecution, Florida's statute is distinguishable, and the decisions from Kansas and Kentucky therefore do not support Bretherick's position.

- 18 -

Third, placing the burden of proof on the defendant is consistent with how other types of motions to dismiss are handled under Florida Rule of Criminal Procedure 3.190(b). Rule 3.190(b) sets out procedures for the filing and consideration of a motion to dismiss in a criminal proceeding. As then-Chief Judge Gross explained in his special concurrence in Govoni v. State, 17 So. 3d 809 (Fla. 4th DCA 2009), quashed, 67 So. 3d 1048 (Fla. 2011), the procedure set forth in rule 3.190(b) is well-suited for motions to dismiss based on statutory immunity and is consistent with jurisprudence that requires the defendant, who is seeking the immunity, to bear the burden of proof by a preponderance of the evidence:

> A motion to dismiss under rule 3.190(c)(4) is not well-suited to resolve a claim of "true immunity" from prosecution. In most cases, where a prosecutor has elected to file charges, there will be a factual dispute about whether section 776.032 immunity applies. Rule 3.190(c)(4) is structured to avoid a judge's resolution of factual disputes, leaving those matters to the finder of fact at a trial. A rule 3.190(c)(4) motion to dismiss is similar to a motion for summary judgment in a civil case, and as such "[b]oth should be granted sparingly." State v. Bonebright, 742 So. 2d 290, 291 (Fla. 1st DCA 1998); see State v. Kalogeropolous, 758 So. 2d 110, 111 (Fla. 2000). Yet, forcing disputed immunity claims to trial undercuts the concept of immunity adopted by the legislature.
>
> Rule 3.190 allows for contested hearings on motions to dismiss. The rule does not limit the grounds upon which a motion to dismiss may be filed. . . . The rule uses the terms "defenses" and "defense" broadly, so that it encompasses a claim to section 776.032 immunity. The four grounds specified in rule 3.190(c)(1)-(4)—that the defendant has been pardoned, previously been placed in jeopardy, previously been granted immunity, or that the undisputed facts do not establish a prima facie case of guilt—are not the exclusive grounds allowed under the rule. Rather, the rule states that those four grounds "may at any time [be] entertain[ed]" by the court. Rule 3.190(d) expressly

- 19 -

contemplates hearings to resolve disputed issues of fact when it says, "[t]he court may receive evidence on any issue of fact necessary to the decision on the motion."

. . . The first district held that "when immunity under this law is properly raised by a defendant," the trial court "may not deny a motion [to dismiss] simply because factual disputes exist." Id. Faced with a factual conflict, a court must hold a hearing to confront and weigh the factual disputes, so that it can "determine whether the defendant has shown by a preponderance of the evidence that the immunity attaches." Id. Peterson's procedure for a contested evidentiary hearing fits within the framework of rule 3.190.

Holding a hearing on a section 776.032 immunity claim is not a oddity in the criminal law. A court performs a similar function when it resolves a claim involving a different type of immunity under rule 3.190(c)(3), a claim that prosecution is barred because the defendant has transactional immunity. See, e.g., State v. Toogood, 349 So. 2d 1203 (Fla. 2d DCA 1977) (involving statutory transactional immunity under section 914.04, Florida Statutes (1975)). When a defendant moves to dismiss under rule 3.190(c)(3), he must offer evidence to support his motion. See State v. Montgomery, 310 So. 2d 440 (Fla. 3d DCA 1975). Also, courts resolve disputed fact issues when considering motions to suppress under subsections 3.190(h) and (i). The existing rule can thus embrace the procedure established by the first district in Peterson.

17 So. 3d at 810-11 (Gross, C.J., concurring specially) (alterations in original). As

explained by Judge Gross, the procedures for pretrial motions to dismiss, based on

this Court's precedent, all require the defendant to offer the evidence in support of

the motion, rather than placing the burden on the State.

Fourth, to place the burden on the State to prove, beyond a reasonable doubt,

that the defendant was not entitled to immunity would require the State to establish

the same degree of proof twice—once pretrial and again at trial. This would

essentially result in two full-blown trials: one before the trial judge and then

another before the jury. Additionally, the pretrial evidentiary issue focuses not on whether the defendant has committed the crime with which he or she is charged, but rather on whether the defendant was justified in "standing his or her ground." As the Colorado Supreme Court has recognized, "the accused presumably has a greater knowledge of the existence or nonexistence of the facts which would call into play the protective shield of the statute and, under these circumstances, should be in a better position than the prosecution to establish the existence of those statutory conditions which entitle him to immunity." Guenther, 740 P.2d at 980.

Placing the pretrial burden on the State beyond a reasonable doubt would provide no disincentive for a defendant to file a motion to dismiss in order to obtain a complete preview of the State's entire case, including its rebuttal of the defendant's potentially meritless argument—which may not be supported by any evidence—that the use of force was justified. If, at the pretrial stage of litigation, the State did not possess all the evidence to refute the alleged justifications for a defendant's use of force, the defendant would be found immune from prosecution because the State could not disprove the justifications for the use of force beyond a reasonable doubt. The State has aptly described the result: "a process fraught with potential for abuse."

Requiring the State to prove its case twice would also cause a tremendous expenditure of time and resources. Undoubtedly, interests in practicality, expense,

and judicial economy do not outweigh the defendant's right to a fair determination of guilt or innocence.  See State v. Williams, 453 So. 2d 824, 825 (Fla. 1984). However, the defendant's opportunity for a fair determination of guilt or innocence is not diminished by placing upon him or her the burden of proof at the pretrial stage, as the State still has to prove its case and all of the elements of the crime beyond a reasonable doubt at trial.

Finally, we reject Bretherick's argument that the standard for determining immunity for claims brought under 42 U.S.C. § 1983 should be applied in the context of immunity under the Stand Your Ground law.  This argument lacks merit.  Bretherick has not presented this Court with a single case in which the standard for determining immunity from claims brought under 42 U.S.C. § 1983 was applied in the context of a criminal defendant seeking immunity from prosecution in state court.

The considerations involved in determining immunity from suit in the context of § 1983 for law enforcement officials are different from those involved in evaluating claims of immunity from prosecution under the Stand Your Ground law.  The two statutes concern different actors operating in completely different capacities and were enacted by different legislative bodies based upon vastly different policy rationales.  See, e.g., Wyatt v. Cole, 504 U.S. 158, 167 (1992) (noting that "special policy concerns" mandating qualified immunity for

government officials under § 1983 included the need to "preserve their ability to serve the public good or to ensure that talented candidates were not deterred by the threat of damages suits from entering public service").  Even in cases involving § 1983 immunity, however, the individuals claiming immunity carry the initial burden of establishing that they were qualified for immunity at the time of the incident.  See, e.g., Gentile v. Bauder, 718 So. 2d 781, 784 (Fla. 1998) (explaining that a government official claiming qualified immunity has the initial burden of demonstrating that he was acting within his discretionary authority before the burden shifts to the plaintiff).

In conclusion, although the Legislature has not explicitly stated which party should bear the burden of proof in establishing whether a defendant is entitled to immunity under the Stand Your Ground law, there is nothing in the statutory scheme, in our prior jurisprudence, or in jurisprudence throughout the country that would dictate placing the burden at the pretrial evidentiary hearing on the State to disprove the claim of immunity beyond a reasonable doubt.  Not only does the defendant have the opportunity to challenge the initial probable cause determination for the arrest, he or she has an additional opportunity to avoid a trial altogether by proving entitlement to immunity at the pretrial evidentiary hearing and, if the immunity is denied, to challenge the trial court's denial of the motion to dismiss via a petition for writ of prohibition to the appellate court.  These

procedures are available to the defendant who is unsuccessful at each stage of establishing immunity, before the trial has even begun. Then, if the motion to dismiss and the petition for writ of prohibition are denied, as in Bretherick's case, the defendant has yet another opportunity to claim self-defense as an affirmative defense at trial. Thus, we effectuate the legislative intent to provide this immunity to eligible defendants while not unduly hampering the State's ability to prosecute violations of Florida's legislatively enacted criminal law.[7]

## CONCLUSION

We conclude that placing the burden of proof on the defendant to establish entitlement to Stand Your Ground immunity by a preponderance of the evidence at the pretrial evidentiary hearing, rather than on the State to prove beyond a reasonable doubt that the defendant's use of force was not justified, is consistent with this Court's precedent and gives effect to the legislative intent. While we recognize that the Stand Your Ground law is intended to be an immunity from prosecution as opposed to just an affirmative defense, the immunity is not a

---

7. In its amicus curiae brief, Florida Carry argues that requiring the defendant to bear any burden in a pretrial hearing is unconstitutional. This issue is not properly before us because it was not raised by Bretherick. An amicus curiae is not permitted to raise new issues that were not initially raised by the parties. See Riechmann v. State, 966 So. 2d 298, 304 n.8 (Fla. 2007).

- 24 -

blanket immunity, but rather, requires the establishment that the use of force was legally justified.

Accordingly, for the reasons we have explained, we answer the certified question in the negative, approve the decision of the Fifth District, and remand this case for proceedings consistent with this opinion.[8]

It is so ordered.

LABARGA, C.J., and QUINCE and PERRY, JJ., concur.
LEWIS, J., concurs in result.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

I would answer the certified question in the affirmative, quash the Fifth District's decision, and disapprove the other decisions that have held that a defendant has the burden of establishing entitlement to Stand Your Ground immunity in order to avoid trial. Accordingly, I dissent.

As the majority recognizes, our core holding in Dennis v. State, 51 So. 3d 456, 458 (Fla. 2010), was that "where a criminal defendant files a motion to

---

8. We decline to reweigh the evidence presented at the pretrial evidentiary hearing or revisit the trial court's and Fifth District's determinations that in this case the defendant failed to successfully demonstrate by a preponderance of the evidence that he was the victim of a forcible felony or that his use of force was justified.

- 25 -

dismiss on the basis of section 776.032, the trial court should decide the factual question of the applicability of the statutory immunity." We reached this conclusion because "the plain language of section 776.032 grants defendants a substantive right to assert immunity from prosecution and to avoid being subjected to a trial." Id. at 462.

The majority's decision here, however, fails to recognize the essential nature of the factual question that the trial court must decide. The factual question raised by the assertion of Stand Your Ground immunity in a pretrial evidentiary hearing is the same as the factual question raised by a Stand Your Ground defense presented at trial: whether the evidence establishes beyond a reasonable doubt that the defendant's conduct was not justified under the governing statutory standard. The State does not dispute that a defendant presenting a Stand Your Ground defense can only be convicted if the State proves beyond a reasonable doubt that the defense does not apply. See, e.g., Alexander v. State, 121 So. 3d 1185, 1188 (Fla. 1st DCA 2013); Leasure v. State, 105 So. 3d 5, 13 (Fla. 2d DCA 2012); Montijo v. State, 61 So. 3d 424, 427 (Fla. 5th DCA 2011); see also Fla. Std. Jury Inst. (Crim.) 3.6(f)-(g). By imposing the burden of proof on the defendant at the pretrial evidentiary hearing, the majority substantially curtails the benefit of the immunity from trial conferred by the Legislature under the Stand Your Ground law. There is no reason to believe that the Legislature intended for a defendant to be denied

immunity and subjected to trial when that defendant would be entitled to acquittal at trial on the basis of a Stand Your Ground defense. But the majority's decision here guarantees that certain defendants who would be entitled to acquittal at trial will nonetheless be deprived of immunity from trial.

The majority's argument that the burden should be placed on the defendant because it is easier for a defendant to prove entitlement to immunity than it is for the State to disprove entitlement to immunity has no more force in the context of a pretrial evidentiary hearing than it does in the context of a trial, where it admittedly has no application. That argument has no basis in the text of the Stand Your Ground law. Similarly, the majority's concern that placing the burden of proof on the State in the pretrial evidentiary hearing will potentially result in "two full-blown trials"—by no means a specious concern—cannot justify curtailing the immunity from trial under the Stand Your Ground law for those individuals whose use of force or threat of force is legally justified under the governing statutory standard. Practical problems raised by the Stand Your Ground law are a matter for the Legislature to consider and resolve.

The State has conceded that if the certified question is answered in the affirmative, this case should be remanded to the trial court for reconsideration in light of the appropriate burden of proof. Having concluded that the certified

question should be answered in the affirmative, I would therefore quash the decision on review and remand the case for reconsideration by the trial court.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

Fifth District - Case No. 5D12-3840

(Osceola County)

Eric J. Friday of Fletcher & Phillips, Jacksonville, Florida; and Dawn L. Drellos-Thompson, Naples, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Wesley Harold Heidt, Bureau Chief, Criminal Appeals, and Kristen Lynn Davenport, Assistant Attorney General, Daytona Beach, Florida,

for Respondent

John C. Frazer, National Rifle Association of America, Fairfax, Virginia; and Jason Brent Gonzalez of Shutts & Bowen LLP, Tallahassee, Florida,

for Amicus Curiae National Rifle Association of America

Lesley Rickard McKinney of McKinney, Wilkes, & Mee, PLLC, Jacksonville, Florida,

for Amicus Curiae Florida Carry, Inc.

Arthur Ivan Jacobs of Jacobs Sholz & Associates, LLC, Fernandina Beach, Florida,

for Amicus Curiae the Florida Prosecuting Attorneys Association, Inc.