DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE RAMON NIEVES RIVERA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-4328

[March 27, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. McCann, Judge; L.T. Case No. 2015CF000353A.

Carey Haughwout, Public Defender, and Jessica A. De Vera, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

A friendly residential gathering took a tragic turn, resulting in the shooting death of the gathering's host. The shooter, Jose Rivera, appeals his convictions of first-degree murder with a firearm; attempted first-degree murder with a firearm; aggravated battery with a deadly weapon, a firearm; and discharging a firearm in public or on residential property. He raises two issues, both of which we find to be without merit. We write to address Rivera's argument that he is entitled to a new Stand Your Ground Law hearing,[1] as the controlling statute was amended after the hearing, and it now provides that once a defendant makes out a prima facie case

---

[1] Section 776.032, Florida Statutes, also known as Florida's Stand Your Ground Law, "provides for immunity from prosecution when a defendant has used force in accordance with certain specified statutory circumstances." *Bretherick v. State*, 170 So. 3d 766, 768 (Fla. 2015). When a defendant raises the statutory immunity, the trial court must conduct "an evidentiary hearing." *Id.* at 773. The trial court must then "decide the factual question of the applicability of the statutory immunity." *Id.* (quoting *Dennis v. State*, 51 So. 3d 456, 458 (Fla. 2010)).

for immunity, the state must prove by clear and convincing evidence that immunity does not apply. Previously, the statute had been interpreted as requiring defendants to prove by a preponderance of the evidence that immunity applied. Based on our own precedent, we affirm, but we stay the mandate, as the issue of the amended statute's retroactive application is pending in the Florida Supreme Court.

After Rivera was charged with numerous offenses arising out of his shooting a firearm and using it to beat one of the victims, he moved to dismiss based on Florida's Stand Your Ground Law, section 776.032, Florida Statutes. The trial court heard evidence and denied the motion. A jury found Rivera guilty as charged as to most of the offenses.

Rivera appealed his convictions. Subsequently, an amendment to the statute went into effect. It provides that "once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution." § 776.032(4), Fla. Stat. (2017); Ch. 2017-72, § 1, Laws of Fla. Rivera seeks retroactive application of this amendment.

This court held in *Hight v. State*, 253 So. 3d 1137, 1141 (Fla. 4th DCA 2018), that the amendment constituted a substantive change to the law that applies prospectively. The Third District takes the same view. *See Love v. State*, 247 So. 3d 609, 612-13 (Fla. 3d DCA 2018). But the First, Second, and Fifth Districts take the contrary view. *See Fuller v. State*, 257 So. 3d 521, 537 (Fla. 5th DCA 2018); *Commander v. State*, 246 So. 3d 1303, 1304 (Fla. 1st DCA 2018); *Martin v. State*, No. 2D16-4468, 2018 WL 2074171, at *2 (Fla. 2d DCA May 4, 2018). The Florida Supreme Court is presently considering the issue. *See Love v. State*, No. SC18-747, 2018 WL 3147946 (Fla. June 26, 2018).

Based on *Hight*, we affirm. But because the retroactivity issue is before the supreme court, we stay the mandate pending the court's resolution of *Love*, 247 So. 3d 609, *review granted*, No. SC18-747, 2018 WL 3147946 (Fla. June 26, 2018).

*Affirmed. Mandate stayed.*

MAY and KLINGENSMITH, JJ., concur.

*  *  *

***Not final until disposition of timely filed motion for rehearing.***

2