# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1978

_____

DARNELL PERKINS WASHINGTON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Angela M. Cox, Judge.

July 15, 2019

RAY, C.J.

In 2014, Darnell Perkins Washington was charged with attempted second-degree murder, following a shooting that took place during an altercation with his mother's boyfriend. Washington claimed that he acted in self-defense and moved to dismiss the charge under Florida's Stand-Your-Ground law, section 776.032, Florida Statutes. The trial court denied the motion, concluding that Washington failed to meet his burden of proving that he was entitled to immunity from prosecution. The case proceeded to trial, and Washington was convicted of the lesser crime of aggravated assault with a firearm.

On appeal, Washington argues that he is entitled to a new Stand-Your-Ground immunity hearing based on an intervening

change in the law. At the time of Washington's immunity hearing, Florida case law interpreting section 776.032 required that Washington prove entitlement to immunity by a preponderance of the evidence. *Bretherick v. State*, 170 So. 3d 766, 775 (Fla. 2015). While this appeal was pending, the Florida Legislature amended section 776.032 to change both the burden and quantum of proof required for establishing entitlement to immunity. *See* Ch. 2017-72, § 1-2, Laws of Fla. Now, once a defendant makes a prima facie claim of immunity, the State must prove by clear and convincing evidence that the defendant is not entitled to immunity. § 776.032(4), Fla. Stat. (2017).

This Court has previously held that the 2017 amendment to section 776.032 is procedural in nature and therefore applies retroactively to pending cases. *Aviles-Manfredy v. State*, 44 Fla. L. Weekly D187, 2019 WL 116471 (Fla. 1st DCA Jan. 7, 2019) (citing *Mayers v. State*, 43 Fla. L. Weekly D2800, 2018 WL 6598716 (Fla. 1st DCA Dec. 17, 2018)); *see also Martin v. State*, 43 Fla. L. Weekly D1016, 2018 WL 2074171 (Fla. 2d DCA May 4, 2018) (holding that the 2017 amendment to section 776.032 is procedural in nature and thus should be applied retroactively to pending cases). Other district courts of appeal have held that the amendment operates only prospectively. *See Love v. State*, 247 So. 3d 609 (Fla. 3d DCA 2018) (applying the 2017 amendment prospectively after concluding it was a substantive change in the law and certifying conflict with *Martin*), *review granted*, SC18-747, 2018 WL 3147946 (Fla. Jun. 26, 2018); *Hight v. State*, 253 So. 3d 1137 (Fla. 4th DCA 2018) (agreeing with the Third District in *Love*). As we have done before, we certify conflict with *Love* and *Hight*.

Based on this Court's precedent, Washington is entitled to relief. We therefore reverse Washington's conviction and remand for the trial court to conduct a new immunity hearing under section 776.032, as amended. If, after the hearing, the court determines that Washington is entitled to immunity from prosecution, it should enter an order to that effect and dismiss the information with prejudice. If, however, the court concludes that Washington is not entitled to immunity, it should enter an order with its findings and reinstate Washington's conviction. We reject Washington's other issues without further comment.

REVERSED and REMANDED.

KELSEY and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Steven Edward Woods, Assistant Attorney General, Tallahassee, for Appellee.