DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE RAMON NIEVES RIVERA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-4328

[March 11, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. McCann, Judge; L.T. Case No. 2015CF000353A.

Carey Haughwout, Public Defender, and Jessica A. De Vera, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Based on the Florida Supreme Court's opinion in *Love v. State*, 286 So. 3d 177 (Fla. 2019), we withdraw our previous opinion and issue this opinion in its place.

A friendly residential gathering took a tragic turn, resulting in the shooting death of the gathering's host. The shooter, Jose Rivera, appeals his convictions of first-degree murder with a firearm; attempted first-degree murder with a firearm; aggravated battery with a deadly weapon, a firearm; and discharging a firearm in public or on residential property. He raises two issues, both of which we find to be without merit. We write to address Rivera's argument that he is entitled to a new Stand Your Ground Law hearing,[1] as the controlling statute was amended after the hearing,

---

[1] Section 776.032, Florida Statutes, also known as Florida's Stand Your Ground Law, "provides for immunity from prosecution when a defendant has used force in accordance with certain specified statutory circumstances." *Bretherick v. State*, 170 So. 3d 766, 768 (Fla. 2015). When a defendant raises the statutory immunity, the trial court must conduct "an evidentiary hearing." *Id.* at 773. The

and it now provides that once a defendant makes out a prima facie case for immunity, the state must prove by clear and convincing evidence that immunity does not apply. Previously, the statute had been interpreted as requiring defendants to prove by a preponderance of the evidence that immunity applied. *See Bretherick*, 170 So. 3d at 775. Based on *Love*, 286 So. 3d 177, we affirm.

After Rivera was charged with numerous offenses arising out of his shooting a firearm and using it to beat one of the victims, he moved to dismiss based on Florida's Stand Your Ground Law, section 776.032, Florida Statutes (2016). The trial court heard evidence and denied the motion. A jury found Rivera guilty as charged as to most of the offenses.

Rivera appealed his convictions. Subsequently, an amendment to the statute went into effect. It provides that "once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution." § 776.032(4), Fla. Stat. (2017); Ch. 2017-72, § 1, Laws of Fla. Rivera seeks retroactive application of this amendment.

In *Love*, the supreme court considered the retroactive application of section 776.032(4) to pending cases involving criminal conduct alleged to have occurred prior to the effective date of the statute. *See Love*, 286 So. 3d at 179. The court entertained the issue based on the conflict between *Love v. State*, 247 So. 3d 609 (Fla. 3d DCA 2018), and *Martin v. State*, 43 Fla. L. Weekly D1016 (Fla. 2d DCA May 4, 2018). *Id.* The court found that the amendment does not constitute substantive law, as it "neither 'declares what acts are crimes' nor 'prescribes the punishment therefor.'" *Id.* at 185 (quoting *State v. Garcia*, 229 So. 2d 236, 238 (Fla. 1969)). The court further found that the amendment constitutes procedural law, as it modifies the procedure governing immunity determinations. *Id.* (citing *Dennis*, 51 So. 3d at 459). The court also reasoned that it "has recognized in other contexts that the burden of proof is a procedural matter," and that it "has repeatedly referred to Stand Your Ground immunity determinations as procedural matters, including in the context of the burden of proof." *Id.* at 186.

The court then turned its attention to whether the procedural amendment applies retroactively and ultimately determined that it does

---

trial court must then "decide the factual question of the applicability of the statutory immunity." *Id.* (quoting *Dennis v. State*, 51 So. 3d 456, 458 (Fla. 2010)).

not.  The court acknowledged that its opinions regarding the retroactivity of procedural statutes "have not been entirely consistent," and that some of its opinions "arguably support" the Second District's determination in *Martin* that the amended statute applies retroactively.  *Id.* at 186-87.  But the court explained that "properly understood, whether a new procedural statute applies in a pending case will generally turn on the posture of the case, not the date of the events giving rise to the case."  *Id.* at 187.  The court elaborated on this "commonsense" approach as follows:

> Of course, the mere fact that a new rule is procedural does not mean that it applies to every pending case.  A new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime, *and the promulgation of a new rule of evidence would not require an appellate remand for a new trial.*  Our orders approving amendments to federal procedural rules reflect the commonsense notion that the applicability of such provisions ordinarily depends on the posture of the particular case.

*Id.* at 187-88 (emphasis in original) (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 275 n.29 (1994)).  The court concluded that "section 776.032(4) was intended to and does apply in this 'commonsense' and 'ordinar[y]' manner," meaning that it "applies to those immunity hearings, including in pending cases, that take place on or after the statute's effective date."  *Id.* at 188 (alteration in original).  The court summed up: "Section 776.032(4) is a procedural change in the law and applies to all Stand Your Ground immunity hearings conducted on or after the statute's effective date."  *Id.* at 190.[2]

This court has concluded that section 776.032(4) is substantive and does not apply retroactively.  *See Hight v. State*, 253 So. 3d 1137, 1143 (Fla. 4th DCA 2018).  But our holding in *Hight* is no longer good law in light of the supreme court's recent opinion in *Love,* 286 So. 3d 177.

---

[2] The court also addressed the disagreement between the Second and Third Districts as to the effect of article X, section 9 of the Florida Constitution on the retroactive application of the amended statute, and it held that the constitutional provision does not prevent the amended statute from being applied to pending cases where immunity hearings occur on or after the statute's effective date.  *Id.* at 189.  The constitutional provision is not at issue in Rivera's appeal.

Based on the supreme court's holding that section 776.032(4) is a procedural change that applies to all Stand Your Ground hearings conducted on or after its effective date, and in light of the fact that Rivera's Stand Your Ground hearing occurred before the amended statute's effective date, we affirm.

*Affirmed.*

MAY and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4