DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEROME SPARKS**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D18-307

[April 1, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl A. Caracuzzo, Judge; L.T. Case No. 502016CF006300AXXXMB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

**ON REMAND FROM THE FLORIDA SUPREME COURT**

KUNTZ, J.

This case is on remand from the Florida Supreme Court for reconsideration based on the court's decision in *Love v. State*, 286 So. 3d 177 (Fla. 2019). Previously, a panel of this Court per curiam affirmed the circuit court's judgment with a citation to this Court's earlier decision in *Hight v. State*, 253 So. 3d 1137 (Fla. 4th DCA 2018). *Sparks v. State* (*Sparks I*), 266 So. 3d 1187, 1187 (Fla. 4th DCA 2019), *quashed by Sparks v. State* (*Sparks II*), No. SC19-524, 2020 WL 972589, at *1 (Fla. Feb. 28, 2020). On remand, we again affirm without comment the circuit court's judgment in all respects and write only to explain our affirmance on Sparks's Stand Your Ground challenge.

In January 2017, the circuit court denied Sparks's Stand Your Ground motion to dismiss two counts of the information charging him with

attempted first-degree murder.[1]  The court found that, under *Bretherick v. State*, 170 So. 3d 766 (Fla. 2015), Sparks did not carry his burden of proof to establish immunity by a preponderance of the evidence.  *See Bretherick*, 170 So. 3d at 779 ("We conclude that placing the burden of proof on the defendant to establish entitlement to Stand Your Ground immunity by a preponderance of the evidence at the pretrial evidentiary hearing, rather than on the State to prove beyond a reasonable doubt that the defendant's use of force was not justified, is consistent with this Court's precedent and gives effect to the legislative intent.").

Months later, the legislature amended the burden of proof in a Stand Your Ground hearing.  *See* § 776.032(4), Fla. Stat. (2017) ("In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1)."); ch. 2017-72, § 2, Laws of Fla. (providing an effective date of June 9, 2017, for subsection (4)).

Our prior panel affirmance of Sparks's conviction was based on *Hight*, which concluded that the amendment adding subsection (4) was a substantive change in the law that did not apply retroactively.  *Sparks I*, 266 So. 3d at 1187; *Hight*, 253 So. 3d at 1143.  We now conclude that, at least in part, *Hight* can no longer be applied based on the Florida Supreme Court's holding in *Love*, 286 So. 3d at 190.  *See also Rivera v. State*, No. 4D16-4328, 2020 WL 1162686, at *2 (Fla. 4th DCA Mar. 11, 2020) (same).  In *Love*, the court held that section 776.032(4), Florida Statutes (2017), "is a procedural change in the law and applies to all Stand Your Ground immunity hearings conducted on or after the statute's effective date." 286 So. 3d at 190; *see also* ch. 2017-72, § 2, Laws of Fla.

But the court's holding in *Love* does not change the result in this case.  In *Love*, the supreme court also held that the statutory amendment did not apply to any hearing completed before the effective date of the statutory amendment.  *See* 286 So. 3d at 190 (stating that the Stand Your Ground hearing in the certified conflict case of *Martin v. State*, No. 2D16-4468, 2018 WL 2074171 (Fla. 2d DCA May 4, 2018), "was properly conducted under *Bretherick*"); *id.* at 180 ("[W]e disagree with *Martin*'s all-or-none conclusion that the new procedures apply in all pending cases, even where the immunity hearing was held prior to the statute's effective date.").

---

[1] He was also charged with two counts of aggravated assault with a deadly weapon, but those counts were nolle prossed.

Here, because Sparks's Stand Your Ground hearing occurred months before the effective date of the statutory amendment, the burden in *Bretherick* applied. *See Love*, 286 So. 3d at 180, 190; *Bretherick*, 170 So. 3d at 768.

The circuit court's judgment is affirmed.

*Affirmed.*

GERBER and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

3