# Third District Court of Appeal

## State of Florida

Opinion filed. May 20, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-1892
Lower Tribunal No. 09-34621
_____

**James Arauz,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for respondent.

Before SUAREZ, EMAS, and FERNANDEZ, JJ.

SUAREZ, J.

Defendant James Arauz appeals[1] the denial of his motion to dismiss the criminal charges against him based on sections 776.032 and 776.12, Florida Statutes (2009), commonly called the "Stand Your Ground" law.  We find that the trial court's findings of fact are supported by competent substantial evidence and that the trial court correctly applied the law.  Therefore, we deny the petition for writ of prohibition.

Arauz was charged with second degree murder for stabbing the victim several times.[2]  Arauz does not deny that he stabbed the victim.  Rather, he claims that he is immune from criminal prosecution pursuant to Section 776.032 because he believed the force he used was necessary to prevent the imminent commission of a forcible felony, specifically a sexual battery,[3] by the victim.

When a defendant files a motion to dismiss based upon the Stand Your Ground law, the trial court must conduct an evidentiary hearing and weigh all the

[1] Although Appellant has filed an appeal, the proper vehicle for challenging a trial court's denial of a motion to dismiss a charge on the ground of immunity from prosecution pursuant to the "Stand Your Ground" law is a writ of prohibition. Mobley v. State, 132 So. 3d 1160, 1161 (Fla. 3d DCA 2014), Mederos v. State, 102 So. 3d 7, 11 (Fla. 1st DCA 2012), Mocio v. State, 98 So. 3d 601 (Fla. 2d DCA 2012).  Accordingly, we treat the appeal as a Petition for Writ of Prohibition pursuant to Florida Rule of Appellate Procedure 9.040(c).

[2] Arauz was also charged with credit card theft and fraudulent use of the victim's credit card.

[3] See Sections 776.012 and 776.08, Florida Statutes (2013) defining sexual battery as a "forcible felony" for purposes of the Stand Your Ground law.

factual evidence presented. <u>Dennis v. State</u>, 51 So. 3d 456, 458 (Fla. 2010) ("We conclude that where a criminal defendant files a motion to dismiss on the basis of section 776.032, the trial court should decide the factual question of the applicability of the statutory immunity."). After the evidentiary hearing, the trial court must determine whether a preponderance of the evidence shows the defendant to be immune from prosecution under section 776.12(2). <u>Id</u>. at 460. <u>See also</u> <u>State v. Yaqui</u>, 51 So. 3d 474, 475-76 (Fla. 3d DCA 2010). Under the appellate court's standard of review in a Stand Your Ground case, the trial court's findings of fact are "presumed correct and can be reversed only if they are not supported by competent substantial evidence, while the trial court's legal conclusions are reviewed de novo." <u>Mobley v. State</u>, 132 So. 3d at 1162 (<u>citing</u> <u>State v. Vino</u>, 100 So. 3d 716 (Fla. 3d DCA 2012)). <u>See also</u> <u>Joseph v. State</u>, 103 So. 3d 227, 229-30 (Fla. 4th DCA 2012).

In this case, Arauz claimed immunity based on an alleged threat of the imminent commission of a sexual battery. At the evidentiary hearing it was shown that Arauz was a student at FIU and had known the victim for several years prior to the incident. Arauz sometimes performed odd jobs for the victim. The victim occasionally flirted with Arauz and asked him about his sexual preferences. On October 15, 2009, prior to going to the victim's house, Arauz told his girlfriend he was going to obtain some money. He then went to the victim's house to obtain a

letter of reference which the victim had promised to provide for an internship application by Arauz. Arauz testified that when he got to the victim's home, the victim demanded sexual favors in exchange for the letter of recommendation. Arauz testified that he rejected the demand and attempted to leave the victim's home, but he was blocked. According to Arauz, during the ensuing altercation the victim grabbed Arauz's wrist and shoulder, forcing him against a wall. Arauz then ran out of the back of the house, but the victim followed him and chased him back into the house. Arauz then grabbed a knife and told the victim he would stab him. Additional fighting ensued when Arauz attempted to unlock the front door or gate during which time the victim cut his hand on the knife and Arauz stabbed the victim at least once. Arauz and the victim continued to fight, losing the knife and trying to relocate it, with Arauz eventually stabbing the victim several times. Arauz testified that after the stabbing he "tapped" the body, but did not call for any help. He went into the kitchen, cleaned his wounds and had a glass of water. Arauz then dragged the body into the house from the courtyard and hosed down the courtyard and walls of blood and wiped the blood off of the knife. Arauz took clothing from the victim as well as money and credit cards and, over the next four days, used the victim's credit card and told several people different stories regarding his use of the credit card and the source of his wounds.

Following the evidentiary hearing, based on the totality of the evidence presented, the trial court concluded that Arauz had not satisfied the necessary burden of proof to be immune from criminal prosecution pursuant to the Stand Your Ground law. The trial court specifically found that "[t]aken in their totality, these actions [of the defendant] do not reflect someone who had simply been trying to protect himself from death or serious bodily injury."

We find there is competent substantial evidence to support the trial court's factual findings and that the trial court properly analyzed the legal issues. Therefore, we conclude the trial court did not err in denying Arauz's motion to dismiss.

Petition for Writ of Prohibition denied.