# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2112
Lower Tribunal No. 15-24308

_____

**Tashara Love,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa and John Eddy Morrison, Assistant Public Defenders, for petitioner.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, and Amit Agarwal, Solicitor General (Tallahassee), for respondent.

Cooper & Kirk, PLLC, Davis Cooper and David H. Thompson (Washington, D.C.), for the NRA Freedom Action Foundation, as amicus curiae.

Before FERNANDEZ, LOGUE and SCALES, JJ.

FERNANDEZ, J.

Petitioner Tashara Love seeks a writ of prohibition directing the trial court to discharge her from prosecution on the ground of statutory immunity pursuant to Florida's Stand Your Ground Law, section 776.032, Florida Statutes (2017). For the reasons set forth below, we deny the petition.

On November 26, 2015, Love and a group of women were involved in an altercation, which lasted approximately three minutes, outside a Miami-Dade County nightclub. At the end of the altercation, Love shot the victim, Thomas Lane, as he was about to hit her daughter. Love does not dispute these facts.

Thereafter, the State charged Love with one count of attempted second degree murder with a firearm. Love invoked Florida's Stand Your Ground law, section 776.032, Florida Statute (2017), asserting she was immune from prosecution because she committed the crime while defending her daughter.

Before the date on which Love's immunity hearing was held, the Florida Legislature amended section 776.032. However, before that amendment, the Florida Supreme Court had held in Bretherick v. State, 170 So. 3d 766 (Fla. 2015), that section 776.032(1) granted a person immunity from prosecution if the person was able to prove at a pretrial hearing, by a preponderance of the evidence, that the use of force was justified as outlined in the statute. Because no procedure or mechanism had been promulgated yet by Florida's Legislature regarding how to assess a defendant's immunity claim, the Florida Supreme Court, through statutory

interpretation, determined that defendants had the burden of proof in pretrial immunity hearings and that they had to prove by a preponderance of the evidence that their "use of force was justified, as specified by statute." Id. at 775. Thereafter, in June 2017, the Legislature passed Ch. 2017-72, Laws of Florida, to amend the Stand Your Ground statute. The Legislature added subsection (4), which states:

> In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1).

It became effective on June 9, 2017.

At Love's immunity hearing, the State's position was that section 776.032(4) did not apply retroactively. In the alternative, the State further argued that section 776.032(4) was unconstitutional. In its written order, the trial court rejected the State's retroactivity argument but agreed with the State that section 776.032(4) was unconstitutional because it violated the separation of powers. The trial court added that only the Florida Supreme Court had the authority to amend the burden of proof. The trial court thus applied the burden of proof applicable before the 2017 amendment and found that Love did not prove by a preponderance of the evidence that she was entitled to Stand Your Ground immunity. Love now petitions this Court.[1]

_____

[1] A petition for writ of prohibition is the proper method to review a trial court's denial of Stand Your Ground immunity. Mobley v. State, 132 So. 3d 1160, 1161

3

First, we hold that the amendment to section 776.032 was constitutional.

Article V, section 2(a) of the Florida Constitution states:

> The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought. The supreme court shall adopt rules to allow the court and the district courts of appeal to submit questions relating to military law to the federal Court of Appeals for the Armed Forces for an advisory opinion. Rules of court may be repealed by general law enacted by two-thirds vote of the membership of each house of the legislature.

Article V, section 2(a) gives the Florida Supreme Court the authority to adopt rules of practice and procedure. However, the Legislature has the constitutional authority to enact procedural provisions in statutes that are intertwined with substantive rights. Caple v. Tuttle Design-Build, Inc., 753 So. 2d 49, 54 (Fla. 2000) (the Florida Supreme Court has "consistently rejected constitutional challenges where the procedural provisions were intertwined with substantive rights."). Subsection (1) of 776.032 gives "defendants a substantive right to assert immunity from prosecution and to avoid being subjected to trial." See Bretherick, 170 So. 3d at 772 (Fla. 2015) (quoting Dennis v. State, 51 So. 3d 456, 462 (Fla. 2010)). Subsection (4) of 776.032 then establishes the burden of proof to be applied at the pretrial immunity hearing where the person's substantive right to Stand Your

_____

(Fla. 3d DCA 2014).

4

Ground immunity is being determined by the trial court. The amendment shifts the burden of proof to the prosecution after the defendant has made a prima facie claim of justified use of force, and it requires that the State meet this burden of proof with clear and convincing evidence. § 776.032(4), Fla. Stat. (2017). This is consistent with the well-established legislative practice of passing statutes allocating the burden of proof in judicial proceedings. In addition, section 776.032(4) does not conflict with any rule of procedure promulgated by the Florida Supreme Court because no such rule was added to the Florida Rules of Criminal procedure regarding section 776.032 before subsection (4), nor was there a rule of procedure set forth by the Legislature before January 2017.[2] The Legislature, thus, had the constitutional authority to enact the burden of proof provision of section 776.032(4) in order to give effect to the substantive right to immunity in the Stand Your Ground statute.[3]

_____

[2] With respect to the burden of proof in pretrial Stand Your Ground hearings, the Florida Supreme Court held in Bretherick, *supra,* that the burden of proof in pretrial immunity hearings was on the defendant, who was required to prove by a preponderance of the evidence that he was entitled to the statutory immunity. Bretherick was decisional law that established the procedures to use in pretrial immunity hearings in Stand Your Ground cases before June 9, 2017, because the Legislature had left this procedural gap.

[3] We are cognizant of the recent opinion out of the Second District Court of Appeal, Tymothy Ray Martin v. State, No. 2D16-4468, 43 Fla. L. Weekly D1016c (Fla. 2d DCA May 4, 2018), where the Second District decided that section 776.032(4) is a procedural amendment that should be applied retroactively to all pending cases. We disagree with the Second District Court of Appeal's holding because we believe Smiley v. State, 966 So. 2d 330 (Fla. 2007), mandates a finding

Second, we hold that the statute did not apply to Love's case because the crime she committed occurred before the amendment's effective date, and the statute has no retroactive application. Section 776.032(4) was effective June 9, 2017, and Love shot Thomas on November 26, 2015. With regard to the issue of the statute's retroactivity, we find Smiley v. State, 966 So. 2d 330 (Fla. 2007) to be particularly instructive, as well as controlling.

In Smiley, the defendant was charged with first degree premeditated murder occurring on November 6, 2004. Id. at 332. The defendant shot the victim who was an occupant of the defendant's cab. Id. Before trial, the defendant filed a motion to permit the use of two special jury instructions based upon the newly enacted statute, at the time section 776.013, Florida Statutes (2005). Those proposed instructions were:

> A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he reasonable [sic] believes it is necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.

---

that the subsection (4) amendment to section 776.032 is a substantive change in the law. We further disagree with the Second District Court of Appeal in Martin because we believe that Smiley's holding that Article X, section 9 of the Florida Constitution prohibits retroactive application of criminal legislation is applicable to section 776.032(4). Thus, we certify conflict with the Second District Court of Appeal's decision in Martin.

6

A person who unlawfully and by force enters or attempts to enter a person's occupied vehicle is presumed to be doing so with the intent to commit an unlawful act involving force or violence.

Id. The trial court granted the defendant's request to use these jury instructions after finding that "the statute was remedial and should have retroactive application." Id.

The State appealed to the Fourth District Court of Appeal via an emergency petition for writ of certiorari. The Fourth District granted the State's petition, holding that section 776.013, Florida Statutes (2005), does not apply to conduct committed prior to its effective date of October 1, 2005; therefore, the defendant was not entitled to the requested jury instructions. Id. at 332-333.

The defendant then filed a motion for rehearing or certification of this issue as a question of great public importance—the Fourth District denied rehearing. However, the Fourth District certified the following question to be of great public importance: "DOES SECTION 776.013, FLORIDA STATUTES (2005), APPLY TO CASES PENDING AT THE TIME THE STATUTE BECAME EFFECTIVE?" State v. Smiley, 944 So. 2d 1027, 1028 (Fla. 4th DCA 2006). The defendant in Smiley filed a notice to invoke discretionary jurisdiction with the Florida Supreme Court, and it granted review.

The Florida Supreme Court answered the question in the negative. Smiley, 966 So. 2d at 332. According to Smiley, "a statute that achieves a 'remedial

7

purpose by creating substantive new rights or **imposing new legal burdens**' is treated as a substantive change in the law." <u>Smiley</u> at 334 (citing to <u>Arrow Air, Inc.</u>, 645 So. 2d 422, 424 (Fla. 1994)) (emphasis added). Here, the subsection (4) amendment to section 776.032 imposed a new legal burden on the State, requiring the State to prove by clear and convincing evidence that the defendant was not justified in using or threatening to use force as permitted in sections 776.012, 776.013, or 776.031, Florida Statutes. The amendment is thus treated as a substantive change in the law, and therefore does not apply retroactively.

Furthermore, Article X, section 9 of the Florida Constitution provides that "[r]epeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed." The Florida Constitution imposes a restriction on retroactive application of criminal legislation. The Florida Supreme Court in <u>Smiley</u> went on to state:

> As the State correctly argues, this constitutional provision precludes section 776.013 from applying retroactively to pending cases. The key determination is that section 776.013 qualifies as a "criminal statute." With regard to article X, section 9, the term "criminal statute" is defined in a broad context. In *Washington v. Dowling*, 92 Fla. 601, 109 So. 588 (1926), this Court provided the following definition for the words "criminal statute": "[A]n act of the Legislature as an organized body relating to crime or its punishment ... defining crime, treating of its nature, or providing for its punishment ... [or] deal[ing] in any way with crime or its punishment." *Id.*, 109 So. at 591.

<u>Smiley</u>, 966 So. 2d at 337.

In the case before us, section 776.032(4) qualifies as a criminal statute because it affects whether the State can prosecute a defendant in the same manner as before subsection (4) was added. If the amended statute were to apply to Love, she could not be prosecuted in the same manner as before because the burden of proof at the immunity hearing would now shift to the State and the burden would rise to clear and convincing evidence. Thus, article X, section 9 of the Florida Constitution does not allow section 776.032 to be applied retroactively. Smiley, 966 So. 2d at 337 ("[The defense] has a direct impact on the prosecution of the offense…").

In sum, although section 776.032(4), Florida Statutes (2017), is constitutional, under the authority of Smiley, Love is not entitled to the benefit of the shift in the burden of proof because the amendment to the statute by the Legislature in June 2017 operated prospectively and, thus, is inapplicable to Love's case. Accordingly, we deny Love's petition for writ of prohibition.

Petition denied. Conflict certified.