# Third District Court of Appeal

## State of Florida

Opinion filed August 29, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1500
Lower Tribunal No. 15-12893
_____

**Brendan Sexton,**
Petitioner,

vs.

**The State of Florida, et al.,**
Respondents.

A Case of Original Jurisdiction—Prohibition.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General; Patricia Gladson, General Counsel, and Gabriela Jimenez Salomon, Assistant General Counsel, for respondents.

Before ROTHENBERG, C.J., and FERNANDEZ and SCALES, JJ.

SCALES, J.

Petitioner, Brendan Sexton, seeks a writ of prohibition directing the trial court to relieve him from criminal prosecution for attempted first degree murder for a shooting that occurred on June 23, 2015, on grounds that he is immune from prosecution under Florida's Stand Your Ground Law, section 776.032 of the Florida Statutes (2017). For the following reasons, we deny the petition.

Before Sexton filed his motion below arguing that he is immune from criminal prosecution, the Florida Legislature amended section 776.032, effective June 9, 2017, by adding subsection (4), which states:

> In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1).

§ 776.032(4), Fla. Stat. (2017); Ch. 2017-72, § 1, Laws of Fla. In the subject order denying Sexton's immunity motion, following this Court's recent decision in Love v. State, 247 So. 3d 609 (Fla. 3d DCA 2018), the trial court rejected Sexton's assertion that subsection (4) applied retroactively to conduct occurring prior to the amendment's June 9, 2017 effective date. Applying the version of section 776.032 in effect when the shooting occurred (on June 23, 2015), the trial court found that Sexton had failed to meet his burden of demonstrating, by a preponderance of the evidence, that he was entitled to immunity from criminal prosecution.

2

In the instant petition, Sexton does not challenge the merits of the trial court's ruling; rather, Sexton argues only that the new standard, subsection (4), applies retroactively and that the trial court should be directed to apply the new standard in this case.

As Sexton rightly acknowledges, the circuit court was bound by this Court's decision in <u>Love</u> when considering Sexton's immunity motion, notwithstanding our sister court's determination, in <u>Martin v. State</u>, 43 Fla. L. Weekly D1016 (Fla. 2d DCA May 4, 2018), that subsection (4) is retroactive. <u>See</u> <u>State v. Washington</u>, 114 So. 3d 182, 185 (Fla. 3d DCA 2012). We therefore deny the instant petition, and also deny Sexton's request to hold this petition in abeyance pending the Florida Supreme Court's disposition of <u>Love v. State</u>, SC18-747.[1]

Petition denied.

---

[1] In <u>Love</u>, this Court certified conflict with the Second District's <u>Martin</u> opinion. Love thereafter sought to invoke the discretionary jurisdiction of the Florida Supreme Court. The Florida Supreme Court docket indicates that the Court has accepted jurisdiction in <u>Love</u>, and that the case is currently undergoing briefing on the merits. <u>See</u> <u>Love v. State</u>, SC18-747. Sexton is, therefore, not without potential remedy as he is within the appellate pipeline on this issue.