SCALES, J.
Petitioner, Rene Toiran, seeks a writ of prohibition directing the trial court to relieve him from criminal prosecution for second degree murder for a shooting death that occurred on January 12, 2015, on the ground that he is immune from prosecution under Florida's Stand Your Ground Law, *949 section 776.032 of the Florida Statutes (2017). For the following reasons, we deny the petition.
After Toiran filed his motion below arguing that he is immune from criminal prosecution, but before the immunity motion was heard, the Florida Legislature amended section 776.032, effective June 9, 2017, by adding subsection (4), which creates a new standard for determining immunity:
In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1).
§ 776.032(4), Fla. Stat. (2017) ; Ch. 2017-72, § 1, Laws of Fla. The trial court directed the parties to prepare and submit additional briefing on the issue of the constitutionality and retroactivity of subsection (4). On July 6, 2017, the trial court[1] entered an order finding that subsection (4) was constitutional, but not retroactive, and directing that an immunity hearing be held applying the version of section 776.032 in effect when the instant shooting death occurred (on January 12, 2015).
A different judge[2] held an immunity hearing between July 25 and July 28, 2017. At the beginning of the hearing, after acknowledging the July 6, 2017 order, the trial court announced that it would conduct the hearing, and thereafter make determinations, under both the old immunity standard and the new immunity standard:
As to the burden, if you remember, this is the case where Judge Hanzman made the ruling that ... [subsection (4) ] was constitutional. But, based on his ruling, that it is not retroactive, so we're working under the old. However, what I stated before in court when everybody was here and I want to state again we're going to handle the hearing under the old burden. However, at the end of the hearing I'm going to require the State ... to also present whatever evidence they would need to present as if it was the State having to carry the burden also under a clear and convincing standard as well because I am going to write the order, make the ruling one way or the other depending on where it goes.
After conducting the hearing, the trial court entered an order finding that, under the old immunity standard, Toiran had failed to meet his burden of demonstrating, by a preponderance of the evidence, that he was entitled to immunity from criminal prosecution. In the alternative, the trial court found that, under the new immunity standard, the State could not meet its burden of proving, by clear and convincing evidence, that the defendant was not entitled to immunity.
At the time the trial court conducted the immunity hearing and issued its ruling, it did not have the benefit of this Court's recent decision in Love v. State, 247 So. 3d 609, 612 (Fla. 3d DCA 2018), wherein we concluded that the old immunity standard continues to apply to crimes committed before the 2017 amendment to section 776.032. Finding no error in the denial of immunity under the old standard, we deny the instant petition. Arauz v. State, 171 So. 3d 160, 161-62 (Fla. 3d DCA 2015) ("Under the appellate court's standard of review in a Stand Your Ground case, the trial court's findings of fact are 'presumed correct and can be reversed only if they are not supported by competent substantial evidence, while the trial court's legal conclusions are *950 reviewed de novo.' " (quoting Mobley v. State, 132 So. 3d 1160, 1162 (Fla. 3d DCA 2014) ) ).[3]
Petition denied.

The Honorable Michael A. Hanzman

The Honorable Martin Zilber

Given our resolution of this matter, we need not, and therefore do not, determine the propriety either of: (i) conducting an immunity hearing under both the old immunity standard and the new immunity standard; or (ii) the trial court's determination under the new immunity standard.