NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PETER DROSSOS, DOC #T93186,       )
                                  )
            Appellant,            )
                                  )
v.                                )        Case No. 2D17-280
                                  )
STATE OF FLORIDA,                 )
                                  )
            Appellee.             )
_____ )

Opinion filed December 14, 2018.

Appeal from the Circuit Court for
Hillsborough County; Samantha L. Ward,
Judge.

Howard L. Dimmig, II, Public Defender,
and Nicholas Martino, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin-
Schomaker, Assistant Attorney General,
Tampa, for Appellee.


BADALAMENTI, Judge.

        Peter Drossos appeals from his jury conviction and sentence for

manslaughter with a weapon.  He argues that he is entitled to a new pretrial immunity

hearing under section 776.032, Florida Statutes (2017), Florida's "Stand Your Ground"

law, which the Florida Legislature amended during the pendency of this appeal to place

the burden on the State to overcome by clear and convincing evidence a criminal defendant's "prima facie claim of self-defense immunity from criminal prosecution." Bound by our prior panel decision in Martin v. State, 43 Fla. L. Weekly D1016 (Fla. 2d DCA May 4, 2018), we reverse and remand for the trial court to conduct a new immunity hearing and to apply the June 9, 2017, version of section 776.032.[1]

Prior to trial, Mr. Drossos moved to dismiss the information charging him with second-degree murder based on section 776.032, Florida Statutes (2014). At the time of his evidentiary hearing, Florida case law interpreting section 776.032 required that Mr. Drossos prove entitlement to immunity by a preponderance of the evidence. See McDaniel v. State, 24 So. 3d 654, 656 (Fla. 2d DCA 2009) (citing Peterson v. State, 983 So. 2d 27, 29 (Fla. 1st DCA 2008)). At the conclusion of the hearing, the trial court denied Mr. Drossos's motion, ruling that "the defense has just not met their burden of proof sufficient to warrant the use of deadly force in this particular instance which would warrant the dismissal of these charges at this time." Mr. Drossos thus proceeded to trial where he relied on a theory of self-defense. The jury convicted him of the lesser-included offense of manslaughter with a weapon.

While Mr. Drossos's case was pending on appeal, the Florida Legislature, on June 9, 2017, amended section 776.032 to modify the burden of proof in a self-defense immunity hearing. See ch. 2017-72, § 1, at 898-99, Laws of Fla. The amendment to section 776.032 placed "the burden of proof by clear and convincing evidence . . . on the party seeking to overcome the immunity from criminal prosecution." Thereafter, this court held that the amendment to section 776.032 was procedural in

_____

[1]We affirm the remaining issues raised by Mr. Drossos without comment.

nature and thus retroactive in application.  See Martin, 43 Fla. L. Weekly at D1018.  In so holding, this court explained that the amendment "applies to pending cases, including those on appeal."  Id.; see also Boston v. State, 43 Fla. L. Weekly D2670, D2670 (Fla. 1st DCA Nov. 30, 2018) ("[T]he 2017 amendment to the Stand Your Ground law applies retroactively."); Fuller v. State, 43 Fla. L. Weekly D2237, D2242 (Fla. 5th DCA Sept. 28, 2018) (holding that the 2017 amendment to section 776.032 is procedural in nature and thus applies retroactively to cases pending on appeal and noting its agreement with Martin).  But see Hight v. State, 253 So. 3d 1137, 1143 (Fla. 4th DCA 2018) (holding that the 2017 amendment to section 776.032 was substantive in nature and thus did not apply retroactively to cases pending on appeal and certifying conflict with our decision in Martin); Love v. State, 247 So. 3d 609, 611-12 (Fla. 3d DCA 2018) (holding that the 2017 amendment to section 776.032 is not purely procedural and thus cannot be applied retroactively to cases pending on appeal and certifying conflict with our decision in Martin), review pending No. SC18-747, 2018 WL 3147946 (Fla. Jun. 26, 2018).

Because Mr. Drossos's case was pending on appeal at the time that the Florida Legislature amended section 776.032 and cannot be distinguished in any meaningful way from our prior panel holding in Martin, we are bound to apply Martin here.  Like the trial court in Martin, the trial court here denied Mr. Drossos's motion to dismiss on the basis that he did not carry his burden by a preponderance of the evidence.  Also like Martin, Mr. Drossos was subsequently convicted following a jury trial where he relied on a theory of self-defense.  Thus, pursuant to Martin, Mr. Drossos is "entitled to a new evidentiary hearing on remand" where the State will have the

burden of proving by clear and convincing evidence that immunity does not apply to the facts presented at the hearing. 43 Fla. L. Weekly at D1018. If, after the conclusion of the new immunity hearing, the trial court determines that Mr. Drossos is entitled to statutory immunity, "it shall enter an order to that effect and dismiss the information with prejudice." See id. Contrastingly, if the circuit court determines that Mr. Drossos is not entitled to immunity, "the court shall enter an order reflecting its findings and reinstate [Mr. Drossos's] conviction." See id.

Finally, we recognize that the Third and Fourth Districts have held that the amendment to section 776.032 should not be applied retroactively to cases pending on appeal; we therefore certify conflict with Hight and Love.

Reversed and remanded with directions; conflict certified.


LaROSE, C.J., and ROTHSTEIN-YOUAKIM, J., Concur.

- 4 -