NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THOMAS L. TILLMAN, DOC #487531,      )
                                     )
          Appellant,                 )
                                     )
v.                                   )     Case No. 2D16-5566
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
_____ )

Opinion filed March 13, 2019.

Appeal from the Circuit Court for
Hillsborough County; William Fuente
and Lisa D. Campbell, Judges.

Howard L. Dimmig, II, Public Defender,
and Warren A. Zimmerman, Special
Assistant Public Defender, Bartow, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General; and Helene
S. Parnes, Assistant Attorney General,
Tampa (substituted as counsel of
record), for Appellee.


PER CURIAM.

          A jury found Thomas L. Tillman guilty of attempted second-degree murder

with a firearm.  See §§ 782.04(2), 777.04(1), (4)(c), 775.087(1)(b), Fla. Stat. (2015).  On

appeal from the judgment, Tillman argues, among other things, that the 2017

amendment to section 776.032, Florida Statutes, see ch. 2017-72, § 1, Laws of Fla.—Florida's "Stand Your Ground" law—applies retroactively and that in light of that amendment, the trial court should reconsider his motion to dismiss the information based on that statute.

As we did in Martin v. State, 43 Fla. L. Weekly D1016, D1017 (Fla. 2d DCA May 4, 2018), review pending, No. SC18-789, we hold that the 2017 amendment to section 776.032 is procedural in nature and is retroactively applicable to pending cases. See also Drossos v. State, 43 Fla. L. Weekly D2764 (Fla. 2d DCA Dec. 14, 2018), review pending, No. SC19-83. And as we did in Martin, we reverse Tillman's judgment and sentence and remand for a new immunity hearing under the 2017 statute. If, following the hearing, the trial court determines that Tillman is entitled to statutory immunity, "it shall enter an order to that effect and dismiss the information with prejudice." Martin, 43 Fla. L. Weekly at D1018. If the trial court determines that Tillman is not entitled to immunity, it shall enter an order so reflecting and reinstate Tillman's conviction and sentence. See id. We affirm without comment with regard to the remaining issues that Tillman has raised in this appeal.

The Third and Fourth District Courts of Appeal have held that section 776.032, as amended, does not apply retroactively in pending cases, and we therefore certify conflict with Hight v. State, 253 So. 3d 1137 (Fla. 4th DCA 2018), review pending, No. SC18-1653, and Love v. State, 247 So. 3d 609 (Fla. 3d DCA 2018), review granted, No. SC18-747, 2018 WL 3147946 (Fla. June 26, 2018).

Reversed and remanded with instructions; conflict certified.

VILLANTI, SALARIO, and ROTHSTEIN-YOUAKIM, JJ., Concur.