NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


TYLER JAMES WHITHAM,    )
    )
    Appellant,    )
    )
v.    )    Case No. 2D16-3388
    )
STATE OF FLORIDA,    )
    )
    Appellee.    )
_____)

Opinion filed April 17, 2019.

Appeal from the Circuit Court for Sarasota
County; Charles E. Roberts, Judge.

Howard L. Dimmig, II, Public Defender,
and Joanna Beth Conner, Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Bilal Ahmed Faruqui,
Assistant Attorney General, Tampa; and
Allison C. Heim, Assistant Attorney General,
Tampa (substituted as counsel of record),
for Appellee.


KELLY, Judge.


        Tyler James Whitham was originally charged with aggravated assault with

a firearm.  He pleaded no contest to the reduced charge of improper exhibition of a

firearm, a first-degree misdemeanor, reserving the right to appeal the denial of his motion to dismiss based on the Stand Your Ground statute, section 776.032, Florida Statutes (2018). In Martin v. State, 43 Fla. L. Weekly D1016, D1017 (Fla. 2d DCA May 4, 2018), this court held that the 2017 amendment to the statute that shifted the burden of proof to the State applied to cases pending on appeal even when the immunity hearing was held before the effective date of the statute. As was the case in Martin, the trial court here denied Mr. Whitham's motion to dismiss on the ground that he did not carry his burden of proof. Accordingly, we conclude that this case is controlled by Martin and that we are required to reverse for a new evidentiary hearing at which the State will have the burden of proof. See id. at D1018. If at the conclusion of the new immunity hearing the trial court determines that Mr. Whitham is entitled to immunity, it shall enter an order to that effect and dismiss the information with prejudice. Id. Conversely, if it determines that he is not entitled to immunity, the court shall enter an order reflecting its findings and reinstate Mr. Whitham's conviction.

We acknowledge that our holding in Martin is in conflict with Love v. State, 247 So. 3d 609 (Fla. 3d DCA), review granted, No. SC18-747, 2018 WL 3147946 (Fla. June 26, 2018), and Hight v. State, 253 So. 3d 1137 (Fla. 4th DCA 2018), and accordingly certify the conflict.

Reversed and remanded with directions; conflict certified.


MORRIS and LUCAS, JJ., Concur.