NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MAX NEWTON HORTON,                    )
                                      )
                    Appellant,        )
                                      )
v.                                    )          Case No. 2D17-2852
                                      )
STATE OF FLORIDA,                     )
                                      )
                    Appellee.         )
                                      )
_____)

Opinion filed April 24, 2019.

Appeal from the Circuit Court for Highlands
County; Peter F. Estrada, Judge.

Howard L. Dimmig, II, Public Defender, and
Victoria Hatfield, Special Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Allison C. Heim and Bilal
Ahmed Faruqui, Assistant Attorneys
General, Tampa, for Appellee.


VILLANTI, Judge.


        Max Newton Horton appeals his conviction and sentence for one count of

attempted manslaughter by act with a firearm.  Based on the 2017 amendment to

section 776.032, Florida Statutes, and this court's decision in Martin v. State, 43 Fla. L.

Weekly D1016 (Fla. 2d DCA May 4, 2018), review pending, No. SC18-789, we reverse

and remand for a new Stand Your Ground hearing, with instructions based on the outcome of that hearing. The remainder of Horton's arguments are without merit, and we will not address them further.

Horton was charged with one count of attempted first-degree murder with a firearm after he got into a dispute on September 17, 2015, with lawncare workers in his neighborhood that ended with Horton brandishing a firearm. During the incident, the firearm discharged, although there was disputed evidence as to whether Horton pulled the trigger or whether the firearm discharged during a struggle over it.

Horton filed a motion to dismiss the charge against him based on the statutory immunity provided by sections 776.032, 776.013, and 776.012, Florida Statutes (2015). In that motion, Horton argued that during his confrontation with the lawncare workers, he developed a well-founded and reasonable belief that brandishing his firearm was necessary to prevent serious physical injury, the commission of a forcible felony, or death, and that he reasonably believed that the display of deadly force was necessary to prevent a felony offense. At the evidentiary hearing on that motion, the trial court placed the burden of proof on Horton based on the language of the Stand Your Ground statute in effect at the time. At the conclusion of the hearing, the trial court denied the motion. Horton then proceeded to trial, where he was convicted by a jury of the lesser-included offense of attempted manslaughter by act with a firearm.

In this appeal, Horton contends that he is entitled to a new Stand Your Ground hearing at which the State would have the burden of proof. He premises this argument on this court's decision in Martin, in which we held that the 2017 amendment to section 776.032, which changed the burden of proof at Stand Your Ground hearings,

- 2 -

was procedural rather than substantive and therefore applied retroactively to any case that was not yet final.  Martin, 43 Fla. L. Weekly at D1018; see also Tillman v. State, No. 2D16-5566, 2019 WL 1141471, at *1 (Fla. 2d DCA Mar. 13, 2019), review pending, No. SC19-452; Drossos v. State, 43 Fla. L. Weekly D2764 (Fla. 2d DCA Dec. 14, 2018), review pending, No. SC19-83.  As we have done in those cases, we reverse Horton's judgment and sentence and remand for a new Stand Your Ground hearing under the 2017 statute.  If, following that hearing, the trial court determines that Horton is entitled to statutory immunity, "it shall enter an order to that effect and dismiss the information with prejudice."  Martin, 43 Fla. L. Weekly at D1018.  If, on the other hand, the trial court determines that Horton is not entitled to immunity, it should enter an order reflecting its findings and reinstate Horton's conviction and sentence.  See id.

In addition, we note that the Third and Fourth District Courts of Appeal have held that section 776.032, as amended, does not apply retroactively in pending cases.  Accordingly, we certify conflict with Hight v. State, 253 So. 3d 1137 (Fla. 4th DCA 2018), review pending, No. SC18-1653, and Love v. State, 247 So. 3d 609 (Fla. 3d DCA 2018), review granted, No. SC18-747, 2018 WL 3147946 (Fla. June 26, 2018).

Finally, as we noted in Martin, we again note that the fact that Horton was subsequently convicted by a jury should have no bearing on the trial court's determination of the immunity issue.  See Martin, 43 Fla. L. Weekly at D1018 ("We are confident that the circuit judge who presides over Mr. Martin's immunity hearing on remand will not rely upon the prior jury's determination that we are vacating but will convene a new evidentiary hearing in an appropriate fashion, consistent with this court's opinion and the statute's amended burden of proof.").

Reversed and remanded with instructions; conflict certified.

KELLY and BLACK, JJ., Concur.