NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTOPHER CURTIS MANLEY,  )
                           )
            Appellant,     )
                           )
v.                         )        Case No. 2D16-2272
                           )
STATE OF FLORIDA,          )
                           )
            Appellee.      )
_____ )

Opinion filed May 1, 2019.

Appeal from the Circuit Court for Lee
County; Margaret O. Steinbeck, Judge.

James Dickson Crock of James Dickson
Crock, P.A., Daytona Beach, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Cerese Crawford
Taylor, Assistant Attorney General,
Tampa, for Appellee.

PER CURIAM.

In 2014, the State charged Christopher Curtis Manley with one count of

second-degree murder with a firearm and two counts of aggravated battery with a

firearm. Manley unsuccessfully moved to dismiss the information, claiming immunity

from prosecution under Florida's Stand Your Ground law, section 776.032, Florida

Statutes (2013). He was tried before a jury in 2016 and found guilty of all three

charges. Manley has appealed the resulting judgment and sentences, arguing among other things that the 2017 amendment to section 776.032, see ch. 2017-72, § 1, Laws of Fla., applies retroactively to pending cases and that therefore the trial court should reconsider his immunity claim in light of that amendment.

In Martin v. State, 43 Fla. L. Weekly D1016, D1017 (Fla. 2d DCA May 4, 2018), review pending, No. SC18-789, this court held that the 2017 amendment to section 776.032 applies retroactively to pending cases. See also Drossos v. State, 43 Fla. L. Weekly D2764 (Fla. 2d DCA Dec.14, 2018), review pending, No. SC19-83. As we did in Martin, here we reverse Manley's judgment and sentences and remand for a new immunity hearing under the 2017 statute. If, following the hearing, the trial court determines that Manley is entitled to statutory immunity, it shall enter an order to that effect and dismiss the information with prejudice. See Martin, 43 Fla. L. Weekly at D1018. If the court determines that Manley is not entitled to immunity, it shall enter an order so reflecting and reinstate Manley's conviction and sentences. See id. We find no merit to the other issues raised in Manley's appeal.

The Third and Fourth District Courts of Appeal have held that section 776.032, as amended, does not apply retroactively to pending cases. Accordingly, we certify that this decision is in direct conflict with Hight v. State, 253 So. 3d 1137 (Fla. 4th DCA 2018), review pending, No. SC18-1653, and Love v. State, 247 So. 3d 609 (Fla. 3d DCA 2018), review granted, No. SC18-747, 2018 WL 3147946 (Fla. June 26, 2018).

Reversed and remanded with instructions; conflict certified.


NORTHCUTT, SLEET, and ATKINSON, JJ., Concur.

- 2 -