# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-759
Lower Tribunal No. 18-9510
_____


**Randon Link,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Writ of Mandamus to the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender and Jeffrey Paul DeSousa, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for respondent.

Before EMAS, C.J., and FERNANDEZ, and LINDSEY, JJ.

PER CURIAM.

Petitioner, Randon Link, seeks a writ of mandamus compelling the trial court

to hold a hearing on his claim of stand-your-ground immunity pursuant to section

776.032(1), Florida Statutes (2018). On petitioner's motion for the requested hearing, the trial court and counsel for petitioner engaged in the following discussion, in relevant part:

> MR. CUMMINGS: Judge, Mr. Link has a pending stand your ground hearing. We have been resetting it. I don't know if you got a chance to read my motion?
>
> THE COURT: I did, and your motion is, you are absolutely right to file it, and your argument is very sound, but justice is due to the accuser also, should the State have a ruling from the Florida Supreme Court so that they know what the law is?
>
> MR. CUMMINGS: Judge, I believe that we have law from the 3 DCA all ready [sic].
>
> THE COURT: I understand. Once the Supreme Court accepts jurisdiction that the 3rd District's decision isn't really quite as binding – is your client in custody?
>
> *     *     *
>
> THE COURT: I am not going to set a hearing.

Petitioner has an absolute right to a pretrial evidentiary hearing to determine whether he is entitled to immunity from criminal prosecution pursuant to section 776.032(1). Dennis v. State, 51 So. 3d 456, 462 (Fla. 2010); Arauz v. State, 171 So. 3d 160, 161 (Fla. 3d DCA 2015). The hearing must be conducted within a reasonable time. Petitioner has been in custody on the charge for which he seeks the hearing since May of 2018, and although some of the delay in setting the requested hearing is attributable to the petitioner, his present request for an expedited hearing is

2

reasonable. The State, in its response to this petition, has commendably conceded that the petitioner is entitled to relief. The trial court wrongly denied petitioner's request for a hearing.

When a district court of appeal issues an opinion deciding a point of law, that opinion is binding on trial courts within that district and throughout the state where no other district court has issued a contrary opinion. Pardo v. State, 596 So. 2d 665, 666 (Fla. 1992); State v. Washington, 114 So. 3d 182 (Fla. 3d DCA 2012); State v. Hayes, 333 So. 2d 51, 52 (Fla. 4th DCA 1976). The trial court is incorrect in its articulated belief that once the Supreme Court "accepts jurisdiction that [district court's] decision isn't really quite as binding." Until the decision of this Court in Love v. State, 247 So. 3d 609 (Fla. 3d DCA 2018), rev. granted, No. SC 18-747 2018, WL 3147946 (Fla. June 26, 2018), is overruled or otherwise affected by a decision of the Florida Supreme Court, this Court's decision is binding on the trial courts within the Third District.

Accordingly, the Petition for a Writ of Mandamus is granted and the trial court is ordered to conduct the relevant hearing within forty-five days, notwithstanding the filing and determination of any motion for rehearing.

3