# Third District Court of Appeal

## State of Florida

Opinion filed November 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-911
Lower Tribunal No. F15-836
_____

**Rene Toiran,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Rier Jordan, P.A., and Jonathan E. Jordan and Andrew F. Rier, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and SCALES and HENDON, JJ.

HENDON, J.

Rene Toiran ("Toiran") appeals from his conviction and sentence for second-degree murder with a firearm. We affirm.

Toiran was charged with second-degree murder with a firearm. Pursuant to Florida Rule of Criminal Procedure 3.190(b), Toiran filed a pre-trial motion to dismiss, asserting that he qualifies for statutory immunity from criminal prosecution under Florida's Stand Your Ground ("SYG") law, section 776.032(1), Florida Statutes, because he was acting in self-defense when he shot the victim ("SYG motion").

At the time of the shooting and when Toiran filed his SYG motion, under the 2015 version of section 776.032, during an SYG immunity hearing, a defendant was required to prove by a preponderance of the evidence that he or she acted in self-defense. See Bretherick v. State, 170 So. 3d 766, 775 (Fla. 2015), *superseded by statute as stated in* Sparks v. State, 299 So. 3d 1 (Fla. 4th DCA 2020). However, the Florida Legislature amended section 776.032 by adding subsection (4), which became effective on June 9, 2017, and provides as follows:

> In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1).

2

§ 776.032(4), Fla. Stat. (2017); Ch. 2017-72, § 1, Laws of Fla.; see also Derossett v. State, 311 So. 3d 880, 889 (Fla. 5th DCA 2019) (explaining that "once a defendant raises a prima facie claim of self-defense immunity under [section 776.032(4)], the State bears the burden at the pretrial immunity or Stand Your Ground hearing of proving, by clear and convincing evidence, why the defendant is not entitled to immunity from further prosecution").

In July 2017—after the effective date of section 776.032(4), Florida Statutes (2017)—the trial court conducted an evidentiary hearing on Toiran's SYG motion. Applying the burden of proof under the 2015 version of section 776.032, the trial court denied Toiran's motion to dismiss.

Toiran then filed a petition for writ of prohibition, arguing that he is immune from prosecution under Florida's SYG statute, section 776.032, Florida Statutes (2017). This Court noted that the lower tribunal did not have the benefit of this Court's decision in Love v. State, 247 So. 3d 609, 612 (Fla. 3d DCA 2018), in which this Court held that the burden of proof in the 2015 version of section 776.032 continues to apply to crimes committed before the 2017 amendment adding section 776.032(4). As such, this Court denied the petition and concluded that the trial court correctly applied the 2015 version of the SYG statute when denying Toiran's SYG motion. Toiran v. State, 256 So. 3d 948, 949 (Fla. 3d DCA 2018).

In December 2018, Toiran proceeded to a jury trial. After both the State and defense rested, Toiran moved for a judgment of acquittal arguing that the evidence failed to rebut his justifiable use of deadly force against the victim. The trial court denied Toiran's motions for judgment of acquittal. The trial court instructed the jury on self-defense. Thereafter, the jury found Toiran guilty of second-degree murder with a firearm, finding that during the commission of the crime, he discharged a firearm causing the victim's death, thereby rejecting Toiran's claim of self-defense. Toiran was later sentenced. Toiran's appeal followed.

Following Toiran's conviction, the Florida Supreme Court issued two relevant decisions. First, In December 2019, the Florida Supreme Court quashed this court's decision in Love v. State, 247 So. 3d 609 (Fla. 3d DCA 2018). See Love v. State, 286 So. 3d 177 (Fla. 2019). The Florida Supreme Court concluded that "[s]ection 776.032(4) is a procedural change in the law and applies to all Stand Your Ground immunity hearings conducted on or after the statute's effective date." Love, 286 So. 3d at 190. Thus, based on the Florida Supreme Court's decision in Love, in denying Toiran's SYG motion, the trial court incorrectly applied the 2015 version of section 776.032, rather than section 776.032(4), Florida Statutes (2017), which places the burden on the State to prove by clear and convincing evidence that a

defendant is not entitled to immunity.

Second, in October 2021, the Florida Supreme Court issued its decision in Boston v. State, SC20-1164, 2021 WL 4613829 (Fla. Oct. 7, 2021), in which the Florida Supreme Court accepted jurisdiction based on conflict with the First District Court of Appeal's decision in Boston v. State, 296 So. 3d 580 (Fla. 1st DCA 2020) ("Boston II")[1], and the Second District Court of Appeal's decision in Nelson v. State, 295 So. 3d 307 (Fla. 2d DCA 2020). In Boston, the Florida Supreme noted that it was considering the following question, which the First District answered in the negative in Boston II: "[W]hether a defendant convicted by jury verdict after raising a self-defense claim is entitled to a new immunity hearing if the trial court applied the incorrect standard at the immunity hearing under section 776.032, Florida Statutes (2017), known as Florida's Stand Your Ground law." Boston, 2021 WL 4613829, *1. The Florida Supreme Court approved the First District's holding in Boston II and disapproved of the Second District's decision in Nelson.

In concluding that a defendant is not entitled to a new immunity hearing, the Florida Supreme Court relied on its decision in Dennis v. State, 51 So. 3d 456 (Fla. 2010). Dennis was charged with aggravated battery with

---

[1] The Florida Supreme Court refers to this decision as Boston II.

5

a deadly weapon, a hammer. Dennis filed a motion to dismiss asserting immunity from criminal prosecution under section 776.032, Florida Statutes (2006). The trial court denied Dennis an evidentiary hearing, "conclud[ing] that in enacting section 776.032, the Legislature did not intend to take the question of immunity away from the jury." Boston, 2021 WL 4613829, *3 (quoting Dennis, 51 So. 3d at 458). Thereafter, the jury convicted Dennis of the lesser included offense of felony battery. The Florida Supreme Court held that the trial court erred by denying Dennis an evidentiary hearing, but the error was harmless. In concluding that the error was harmless, the Florida Supreme Court explained that there was "no reasonable possibility that the trial court's failure to make a pretrial evidentiary determination regarding Dennis's immunity claim contributed to Dennis's conviction" because the jury rejected his claim of self-defense and "determined that the evidence established beyond a reasonable doubt that Dennis committed the lesser included offense of felony battery." Boston, 2021 WL 4613829, *3 (quoting Dennis, 51 So. 3d at 464). In Boston, the Florida Supreme stated that the First District's decision in Boston II is consistent with the decision in Dennis, stating as follows:

> The First District's decision in Boston II is consistent with Dennis. Dennis concluded that when a jury determines that the defendant is guilty beyond a reasonable doubt, notwithstanding a claim of self-defense, that determination cures the trial court's

6

erroneous failure to hold a pretrial immunity hearing; <u>Boston II</u> similarly held that the same jury determination cures a trial court's erroneous application of an incorrect burden and standard of proof at an immunity hearing.

. . . .

The First District's opinion is well reasoned, legally sound, and in line with <u>Dennis</u>.  The First District correctly observed that "[t]he State's trial burden of overcoming the defendant's self-defense claim by proof beyond reasonable doubt is heavier than its pretrial burden of overcoming the defendant's self-defense immunity claim by clear and convincing evidence." <u>Boston II</u>, 296 So. 3d at 583 (citing <u>Love</u>, 286 So. 3d at 180).  And thus, "a trial court's error in applying the correct burden at the immunity hearing can be cured if the State establishes the defendant's guilt at trial by proof beyond a reasonable doubt." <u>Id.</u>  As applied here, the First District properly concluded that the trial court's failure to require the State to overcome Boston's immunity claim with clear and convincing evidence was cured when "the State overcame Boston's self-defense claim by meeting the heavier trial burden of proof beyond a reasonable doubt." <u>Id.</u> at 583-84.

In order to convict Boston at trial, the jury had to reject his claim of self-defense by concluding beyond a reasonable doubt that he did not act in self-defense. <u>See</u> Fla. Std. Jury Instr. (Crim.) 3.6(f)-(g).  To now vacate Boston's conviction . . . and remand for a new pretrial immunity hearing at which the State would be required to prove by the lesser standard of clear and convincing evidence that Boston did not act in self-defense would violate the statutory prohibition on reversing a judgment in the absence of error "that injuriously affected the substantial rights of the appellant." § 924.33, Fla. Stat. (2021).

<u>Boston</u>,  2021 WL 4613829, *4 (footnote omitted).

Following the Florida Supreme Court's decision in <u>Boston</u>, Toiran's appellate counsel filed a notice of concession as to the claim raised in the initial brief relating to the trial court's denial of Toiran's SYG motion.  We conclude that the concession is well taken.

7

Toiran also contends that the trial court erred by denying his motions for judgment of acquittal. The argument lacks merit. See Williams v. State, 261 So. 3d 1248, 1252-53 (Fla. 2019).

In the instant case, the shooting occurred in the lobby of where both the victim and Toiran lived. Assuming that the victim was the initial aggressor when he pushed Toiran against the wall on the day of the shooting, and Toiran fired two shots because the victim was attempting to get on top of him, those two shots missed the victim. The State presented evidence that after those two shots missed the victim, the remaining shots were fired when Toiran was standing up and the victim was attempting to retreat. The victim sustained gunshot wounds to the side of his abdomen, the back of his head, the mid back, the lower back, and two to the upper back. Based on the evidence presented by the State, the trial court did not err by denying Toiran's motions for judgment of acquittal.

Finally, Toiran argues that reversal is required based on an isolated and extremely brief comment made by the State during its rebuttal closing argument. We disagree. Assuming that the objected-to comment was improper, the error was harmless as the State has demonstrated beyond a reasonable doubt that the alleged error did not affect the verdict. See State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986) (stating that the harmless error

8

analysis places the burden of proof on the State, as the beneficiary of the error, to show "no reasonable possibility that the error contributed to the conviction"); Rodriguez v. State, 248 So. 3d 1085, 1086 (Fla. 2018) (reaffirming the harmless error standard set forth in DiGuilio). Accordingly, we affirm Toiran's conviction and sentence.

Affirmed.