FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D18-1993
_____

CORRY MENCY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Suwannee County.
David W. Fina, Judge.

June 12, 2019

PER CURIAM.

    In this appeal, the defendant raises two issues.  First, he
argues that he is entitled to a new trial based on the trial court's
failure to sustain his objections to questions asked by the State
during its cross-examination.  Second, he argues that he is entitled
to a new self-defense immunity hearing under the Stand-Your-
Ground statutes because the trial court failed to apply the proper
burden of proof. With regards to the first issue, we find no
reversible error. With regards to the second issue, the appellant
makes two arguments, one of which was not properly preserved.
At trial, the appellant essentially argued that the trial court
needed   to   determine   whether   section   776.032(4)   applied

retroactively. On appeal, the appellant argues that the trial court failed to make that ruling. However, the trial court stated that regardless of who had the burden, the appellant was not entitled to immunity. This ruling implies that the trial court made a ruling under both standards. Because the trial court applied the correct standard, the trial court did not err. The appellant also argues that the trial court failed to assess the evidence presented by the defense when it ruled on his immunity claim. However, that issue was not properly preserved for appeal because the appellant failed to raise that issue to the trial court. *See Rodriguez v. State*, 609 So. 2d 493, 499 (Fla. 1992) ("It is well settled that the specific legal ground upon which a claim is based must be raised at trial and a claim different than that raised below will not be heard on appeal.") Accordingly, we affirm the appellant's judgment and sentence.

AFFIRMED.

B.L. THOMAS, C.J., and LEWIS, J., concur; ROBERTS, J., concurs with written opinion.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––

ROBERTS, J., concurring.

I concur with the majority's opinion, but write separately to address the issue of the defendant's argument that he is entitled to a new self-defense immunity hearing. This Court has adopted the position that a defendant is entitled to a new self-defense immunity hearing when the trial court incorrectly applies section 776.032, Florida Statutes. *Aviles-Manfredy v. State*, 44 Fla. L. Weekly D187 (Fla. 1st DCA January 7, 2019) (adopting the procedure that the trial court must hold a new Stand-Your-Ground hearing as stated in *Martin v. State*, 43 Fla. L. Weekly D1016 (Fla. 2d DCA May 4, 2018)). However, the use of that procedure conflicts with the purpose of the immunity hearing, which is to provide a

2

defendant with a procedural mechanism that allows him to present his self-defense claim early rather than force him to wait until trial.

## Self-Defense

Florida has long acknowledged the fundamental right of its citizens to use force to defend themselves or others. Art. I, § 8(a), Fla. Const. The essential elements of self-defense have largely remained the same; to wit, a person may use deadly force when it is reasonably necessary to prevent imminent death or great bodily harm to the person or to another person. § 776.012, Fla. Stat. Self-defense was and is an affirmative defense in which the one asserting self-defense is required to establish a *prima facie* case of the elements of the self-defense claim. The burden then rests on the State to establish that the claim is not justified "to the exclusion of every reasonable doubt," which is consistent with the State's burden in every criminal case. *See* § 90.302, Fla. Stat.; *Grady v. State*, 176 So. 431, 431 (Fla. 1937) (the burden of establishing a defendant's guilt rests with the State). However, prior to 2005, the claim of self-defense could only be presented as an affirmative defense at trial.

## The Stand-Your-Ground Act

In 2005, the Legislature strengthened the right to self-defense when it passed Chapter 2005-27, Laws of Florida. That bill changed the application of the law of self-defense in three major ways. First, it eliminated the duty to retreat when attacked outside the home before using lawful deadly force. Ch. 2005-27, §§ 2-3, Laws of Fla. Second, the bill created a presumption that a person had "reasonable fear of imminent . . . death or great bodily harm" if the person was attacked in his or her home or conveyance. Ch. 2005-27, § 1, Laws of Fla. Third, the bill provided immunity from "arrest, detaining in custody, charging or prosecuting" a person validly exercising his or her right to self-defense. Ch. 2005-27, § 4, Laws of Fla.

Immunity from prosecution, the key issue in this case, was created by adding a new section to chapter 776, Florida Statutes, which reads as follows:

776.032  Immunity from Criminal prosecution and civil action for justifiable  use of force. - -

(1) A person who uses force as permitted in s. 776.012, s. 776.013, or s.776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force[.]

Sections 776.012, 776.013, and 776.031 are the general self-defense statutes that may be asserted at trial and would have only been allowed to be asserted at trial without the immunity provided by section 776.032.  Most of the case law refers to this immunity as "Stand-Your-Ground immunity," but this is a misnomer because the immunity applies to all self-defense cases, not just ones in which standing one's ground is an element.  That is why a better label is "self-defense immunity."  In fact, the statutes refer to it as "self-defense immunity."  *See* § 776.032(4), Fla. Stat.  In the whereas clauses for Chapter 2005-27, Laws of Florida, the Legislature found "that it is proper for law abiding people to protect themselves, their families, and others from intruders and attackers without fear of prosecution or civil action for acting in defense of themselves and others . . . ."  The important thing to remember for our analysis is that the entire purpose of this immunity is to provide a mechanism by which a person who is asserting lawful self-defense may have the defense heard early in the process to avoid the time and expense of a trial.

Until 2017, section 776.032 did not specify how this immunity from arrest, detention, charging, or prosecution was to be effectuated.  In *Dennis v. State*, 51 So. 3d 456 (Fla. 2010), the supreme court adopted a procedure from *Peterson v. State*, 983 So. 2d 27 (Fla. 1st DCA 2008), that required the trial court to hold an evidentiary hearing when self-defense immunity was alleged to determine whether that person used "force as permitted is s. 776.012, s. 776.013 or s. 776.031."  *Dennis* quoted from the section of *Peterson* in which the First District said that the burden of proof in the self-defense immunity hearing was on the defendant by a preponderance of the evidence, but never adopted this standard. *Dennis*, 51 So. 3d at 459-60.

### *Bretherick v. State*

4

Subsequently in *Bretherick v. State*, 170 So. 3d 766, 779 (Fla. 2015), the supreme court held that at the self-defense immunity hearing, the defendant was required to prove he or she was entitled to the immunity by a preponderance of the evidence. In a dissent joined by Justice Polston, Justice Canady argued that the burden should be on the State to rebut the *prima facie* showing of self-defense beyond a reasonable doubt. *Id.* at 779-80 (Canady, J., dissenting). He accused the majority of not recognizing that,

The factual question raised by the assertion of Stand Your Ground immunity in a pretrial evidentiary hearing is the same as the factual question raised by a Stand Your Ground Defense presented at trial: whether the evidence establishes beyond a reasonable doubt that the defendant's conduct was not justified under the governing statutory standard.

*Id.* at 779.

Justice Canady stated that the "State does not dispute that a defendant presenting a Stand Your Ground defense can only be convicted if the State proves beyond a reasonable doubt that the defense does not apply." *Id.* He further reasoned,

There is no reason to believe that the Legislature intended for a defendant to be denied immunity and subjected to a trial when that defendant would be entitled to acquittal at trial on the basis of a Stand Your Ground defense.

*Id.* at 780.

### Chapter 2017-72, Laws of Florida

Subsequent to *Bretherick*, the Legislature added another subsection to section 776.032:

(4) In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant in a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the

5

immunity from criminal prosecution provided in subsection (1).

Ch. 2017-72, Laws of Fla. According to Senator Rob Bradley, the sponsor of Senate Bill 128, which became 2017-72, "[t]his bill corrects the error of the *Bretherick* decision." Fla. Sen. Comm. on Rules, recording of proceedings (Feb. 9, 2017) (Tallahassee) (Statement of Sen. Rob Bradley) (https//thefloridachannel.org/videos/2917-senate-rules-committee/).

Since section 776.032(4) was enacted, the district courts have been split on whether subsection four applies to crimes committed prior to its adoption. *See Commander v. State*, 246 So. 3d 1303, 1304 (Fla. 1st DCA 2018) (Mem.) (finding the statute procedural and that it applies retroactively); *Martin v. State*, 43 Fla. L. Weekly D1016 (Fla. 2d DCA May 4, 2018), review pending, No. SC18-789 (same); *Fuller v. State*, 257 So. 3d 521, 536-38 (Fla. 5th DCA 2018) (same); *Love v. State*, 247 So. 3d 609, 611-12 (Fla. 3d DCA 2018), review granted, No. SC18-747 (finding the statute substantive and does not apply retroactively); *Hight v. State*, 253 So. 3d 1137, 1140 (Fla. 4th DCA 2018), review pending, No. SC18-1653 (same).

## Presentation of Self-Defense Claims

There are two ways for a criminal defendant to vindicate his right to self-defense after he loses his self-defense immunity hearing. First, if the defendant wants to avoid proceeding to trial, he may file a petition for writ of prohibition with the appropriate district court of appeal. Second, the defendant may go to trial and raise his or her self-defense claim.

With regard to a writ of prohibition, the district courts of appeal and the Florida Supreme Court have held that a petition for writ of prohibition is the appropriate method to freeze the proceedings in place so a review of the self-defense immunity ruling may be performed. *See Tsavaris v. Scruggs*, 360 So. 2d 745, 747 (Fla. 1977) (appropriate procedure to challenge a trial court's authority to continue prosecution is through a petition for writ of prohibition); *Rosario v. State*, 165 So. 3d 852, 854-55 (Fla. 1st DCA 2015) (Because a writ of prohibition stops the trial court from

continuing to prosecute a defendant who should be immune from prosecution, it is the preferred method to challenge a denial of motion to dismiss that has occurred after or without an evidentiary hearing.); *Little v. State*, 111 So. 3d 214, 216 n.1 (Fla. 2d DCA 2013) (petition for writ of prohibition is the appropriate mechanism to challenge the denial of a motion to dismiss based on a self-defense immunity statute); *Joseph v. State*, 103 So. 3d 227, 229 (Fla. 4th DCA 2012) (same). A defendant does not lose his right to present his self-defense immunity claim to the jury by filing a petition for writ of prohibition, nor does he lose his right to present the issue to the jury after an unsuccessful petition for writ of prohibition. *State v. Chavers*, 230 So. 3d 35, 39 (Fla. 4th DCA 2017).

With regard to presenting the claim of self-defense at trial, the standard has always been that the State is required to prove beyond a reasonable doubt that the defendant, after a showing of a *prima facie* claim of self-defense, did not act in lawful self-defense. At trial, the finder of fact has always applied the correct standard whether our state courts were operating under *Bretherick* or the subsequently enacted section 776.032(4). This presentation of the self-defense claim at trial moots and subsumes any previous error that occurred at the immunity hearing.

## This Case

In this case, the defendant's self-defense immunity hearing was contemporaneous with his trial, meaning that while there was no separate immunity hearing, the defendant was allowed to move for immunity to be imposed based on the evidence adduced at trial. At the close of the State's case, and again at the close of evidence, the defendant moved to dismiss the charges against him based on his self-defense immunity claim. Each time the defendant moved to dismiss the charges, he argued that the change in the statute was procedural and applied retroactively. The State argued that the change in the statute was substantive and did not apply retroactively. The State also argued that regardless of who had the burden of proof, the defendant was not entitled to a dismissal based on the evidence. Since the trial court did not have a district court of appeal decision to follow, each time it ruled on the defendant's motion, it stated that regardless of which party bore

7

the burden, it thought that the defendant's self-defense claim was a question to be resolved by the jury.

After the evidence was closed and the trial court ruled on all of the defendant's motions, it properly instructed the jury with regards to the defendant's self-defense claim using the standard jury instructions. The trial court properly instructed the jury on what constituted justifiable homicide and justifiable use of deadly force. It instructed the jury that the State had the burden to prove that the defendant committed the crime, that the defendant did not have to present any evidence or prove anything, that if the jury had any reasonable doubt, it should find the defendant not guilty, and that if the jury was convinced beyond a reasonable doubt that the defendant was not justified in using deadly force, it should find him guilty if all the elements of the crime had been proved. Since jurors are presumed to follow the law as explained to them, the defendant's jury properly evaluated his self-defense claim. *Davis v. State*, 121 So. 3d 462, 492 (Fla. 2013).

On appeal, the defendant argues that because the trial court stated the defendant's self-defense claim was a question for the jury, the trial court failed to apply the correct standard of proof under section 776.032. Even if the trial court failed to apply the correct standard, the defendant would not be entitled to another self-defense immunity hearing, but for this Court's holding in *Aviles-Manfredy*, because he went to trial and his self-defense immunity claim was fully and properly litigated.

I believe that we erred in adopting the holding of *Martin* in *Aviles-Manfredy*. Because the defendant did not preserve his argument that he was entitled to a new self-defense immunity hearing under *Martin* and *Aviles-Manfredy*, this is not an appropriate case for this Court to revisit *Aviles-Manfredy* en banc. Nevertheless, since the supreme court has granted review in *Martin* and *Love*, I expect that the law of self-defense immunity will soon be clarified.

———————————————

Andy Thomas, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.